29 F.3d 630
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary BENNETT, Plaintiff-Appellant,
v.
Tom LEEN, Chief District Attorney in Judicial and Official
Capacity, Clark County, Defendant-Appellee.
 No. 93-15351.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1994.*
Decided June 22, 1994.
 
 Before: GOODWIN, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada state prisoner Gary Bennett appeals pro se the district court's sua sponte dismissal with prejudice of his 42 U.S.C. Sec. 1983 action against Clark County, Nevada prosecutor Tom Leen. The district court concluded that Leen was entitled to absolute immunity for his quasi-judicial actions. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Bennett was arrested for drug trafficking on April 2, 1990 and indicted on April 5, 1990. He contends that Leen did not give him notice of his right to appear and testify before the grand jury as required by state law. See Nev.Rev.Stat. Sec. 172.241; Sheriff, Humbolt County v. Marcum, 783 P.2d 1389 (Nev.1989) (per curiam), amended, 790 P.2d 497 (Nev.1990). Bennett brought a Sec. 1983 action against Leen, claiming that Leen's failure to give him such notice violated his rights to due process and equal protection under the laws. The district court granted Bennett's motion to proceed in forma pauperis, but dismissed his action with prejudice pursuant to 28 U.S.C. Sec. 1915 after concluding that Leen had absolute prosecutorial immunity.
 
 II
 
 4
 Under 28 U.S.C. Sec. 1915(d), a district court may dismiss an in forma pauperis complaint if the court is "satisfied that the action is frivolous or malicious." A complaint is legally frivolous if it lacks an arguable basis in law. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The district court must afford a pro se plaintiff notice of the deficiencies of the complaint and an opportunity to amend unless it is absolutely clear that the deficiencies cannot be cured. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 5
 Prosecutors are absolutely immune from claims for monetary damages under Sec. 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). The focus of the analysis is on "the nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 229 (1988). Absolute immunity is warranted for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial ... in the course his role as an advocate for the State." Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2615 (1993); see also Gobel v. Maricopa County, 867 F.2d 1201, 1203 (9th Cir.1989).
 
 
 6
 A prosecutor's duty to give a defendant notice of his right to appear before the grand jury is an element of the initiation of a prosecution that arises from the prosecutor's role as an advocate of the state and officer of the court. Accordingly, Leen is absolutely immune from liability for the conduct alleged in Bennett's suit. See Burns v. Reed, 500 U.S. 478, 491-92 (1991); Imbler, 424 U.S. at 431 n. 33.
 
 
 7
 Bennett contends that because the duty to provide Marcum notice is "statutory" and "not discretionary," the prosecutor is not entitled to absolute immunity. This argument is misplaced. Whether the function performed by the prosecutor is "discretionary" is an inquiry relevant to the issue of qualified immunity. See, e.g., Buckley, 113 S.Ct. at 2613; Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In determining whether a prosecutor is entitled to absolute immunity, the proper focus is on the relationship of the prosecutor's conduct to the judicial process. Imbler, 424 U.S. at 430.
 
 
 8
 Bennett also submits that he should have been permitted to amend his complaint to request a ruling from the district court dismissing his indictment. He correctly points out that prosecutorial immunity does not bar suits for injunctive relief. See, e.g., Gobel, 867 F.2d at 1203 n. 6. In the present case, however, Bennett argues that the failure to provide Marcum notice rendered the grand jury's indictment void, and as a result, the Arizona trial court lacked subject matter jurisdiction over his case. Because he is challenging the fact of his confinement, Bennett's exclusive remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Therefore, the district court did not err in dismissing Bennett's suit pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3