RICHARD GIER, Petitioner, v. THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF DOUGLAS, and the HONORABLE NORMAN ROBISON, District Judge, Respondents, and THE STATE OF NEVADA, Real Party in Interest.

No. 20693

LORI ANNE DOSS, Petitioner, v. THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF DOUGLAS, and the HONORABLE NORMAN ROBISON, District Judge, Respondents, and THE STATE OF NEVADA, Real Party in Interest.

No. 20703

March 27, 1990                                789 P.2d 1245

*Sheerin, Walsh & Keele,* Carson City; *Nielsen & Walker,* Carson City, for Petitioner Gier.

*Thomas E. Perkins,* Carson City, for Petitioner Doss.

*Brent T. Kolvet,* District Attorney, and *Michael Gibbons,* Deputy District Attorney, Douglas County, for Respondents.

## OPINION

*Per Curiam:*

On September 30, 1987, Connie Weiss, a convenience store

clerk in Lake Tahoe, Nevada, was robbed and stabbed to death. Petitioners Richard Gier and Lori Anne Doss were identified as suspects in the incident. On December 5, 1988, the district court in Douglas County convened a grand jury. Although the grand jury's primary function was to investigate an alleged scandal in the county parks department, it was charged with investigating other criminal matters as well. The grand jury proceeded without notice to the petitioners, and on October 26, 1989, it returned an indictment charging petitioners with numerous felonies arising out of the Weiss incident. Petitioners were subsequently arrested in Sacramento, California. Pleas of not guilty were entered on their behalf. Subsequently, the state filed notice of its intention to seek the death penalty against Gier.

On December 20, 1989, we issued our opinion in Sheriff v. Marcum, 105 Nev. 824, 783 P.2d 1389 (1989), in which we held that before a grand jury can issue an indictment, the target of the proceedings is entitled to reasonable notice of his or her opportunity to testify. On December 21, 1989, Gier filed numerous challenges to the indictment. In addition to challenging his lack of notice of the opportunity to testify at the grand jury proceedings, Gier's motions maintained that the grand jury lacked jurisdiction to indict him and alleged various abuses in the grand jury proceedings. Petitioner Doss moved to dismiss the indictment on the grounds that the grand jury exceeded its jurisdiction in indicting her. The portions of petitioners' motions which challenged the grand jury's jurisdiction were denied. Their remaining contentions regarding alleged abuses in the grand jury proceedings are still pending before the district court.

Apparently believing that the *Marcum* rule applied retroactively, the state requested that respondent Ninth Judicial District Court Judge Norman C. Robison order the grand jury proceedings reopened with notice to petitioners of their right to testify. Judge Robison granted the state's request. He ordered the original grand jury reconvened, and petitioners were notified of their right to testify. Gier objected to the new proceedings altogether, and Doss declined to testify. On January 12, 1990, Gier filed the instant petition for a writ of mandate or, in the alternative, a writ of prohibition. He also requested a stay which we denied. On January 17, 1990, Doss filed the instant petition for a writ of mandamus, or in the alternative, a writ of prohibition. We ordered the petitions consolidated.

The original grand jury reconvened on January 24, 1990, and considered the transcript of the initial grand jury proceeding. It was informed that petitioners had declined the invitation to testify, but was admonished that exercise of that right could not be held against them. The grand jury then issued a superseding

indictment which charged petitioners with the same offenses as the original indictment.

As discussed more fully below, we find no improprieties in the grand jury proceedings and hold that the rule of *Marcum* does not apply retroactively. We therefore deny the petitions.

The first issue raised by these petitions is whether the grand jury exceeded its jurisdiction by acting outside the limited purpose for which it was impaneled. We hold that the grand jury acted properly within its jurisdiction in indicting petitioners.

On August 15, 1988, the district court in Douglas County impaneled a grand jury, primarily to investigate an alleged scandal in the parks department. In addition to other purposes not relevant to the instant petitions, the order calling the grand jury identified the following specific limited purpose for impaneling the grand jury: "To inquire into the case of any person imprisoned in the Douglas County Jail on a criminal charge, against whom no information or complaint has been filed, and no indictment found." Subsequently, the district judge stated that at the time the court gave its initial charge on December 5, 1988, it "advised the Grand Jury that it may consider any criminal case that a prosecuting attorney brought to it."

Doss[1] argues that the grand jury exceeded its jurisdiction, as specifically limited in the above order, in indicting her and Gier because they were not imprisoned in the Douglas County Jail. This contention lacks merit. The specific limited purpose set forth in the August 15, 1988, order was properly expanded by the charge given when the grand jury was actually selected on December 5, 1988. Although the grand jury was primarily impaneled to investigate county affairs (the parks scandal), this court has held that NRS 6.135(1), which authorizes the district court to impanel a grand jury solely to investigate state affairs upon the request of the governor or the legislature, "does not purport in any way to limit the powers of a grand jury impaneled pursuant to NRS 6.110, NRS 6.120, NRS 6.130 or NRS 6.140." Dickerson v. Grand Jury Washoe Co., 82 Nev. 113, 116, 412 P.2d 441, 443 (1966). In this case, the grand jury was impaneled pursuant to NRS 6.120, the statute which calls for the impanelment of grand juries generally, not NRS 6.135(1); thus, the fact that it was primarily impaneled to investigate the parks scandal does not limit its jurisdiction to county affairs only. Impanelment

---

[1]Although Gier does not raise this issue in the instant petition, he had raised it unsuccessfully below in a motion to quash.

of a grand jury is within the power of the district court, NRS 6.120; it is also within the district court's power to expand the initial scope of a grand jury. As this court has noted, the district court's supervisory powers over the grand jury "extend beyond those declared specifically by statute." Lane v. District Court, 104 Nev. 427, 439, 760 P.2d 1245, 1253 (1988). Consequently, the grand jury had jurisdiction to indict petitioners, and the district court had jurisdiction to hold them to answer.

The next issue raised by these petitions is whether Sheriff v. Marcum, 105 Nev. 824, 783 P.2d 1389 (1989) applies retroactively. We hold that it does not.

In *Marcum,* in interpreting two existing statutes, NRS 172.095(1)(d) and NRS 172.241,[2] we did not simply clarify an existing rule, we announced an altogether new rule. Although we stated that the statutes "could be interpreted differently by reasonable people," and were therefore ambiguous as to whether they required notice, we observed that "both statutes are silent regarding a defendant's right to have notice of the grand jury proceedings at which [the defendant] may be indicted." *Marcum,* 105 Nev. at 826, 783 P.2d at 1390. Because the statutes were silent regarding the notice requirement, the result in *Marcum* was not dictated by any rule or precedent which existed at the time. Consequently, *Marcum* announced a new rule of statutory interpretation. *Cf.* Heimrich v. State, 97 Nev. 358, 630 P.2d 1224 (1981).

New rules apply prospectively unless they are rules of constitutional law, and then they apply retroactively only under certain circumstances. *See* Franklin v. State, 98 Nev. 266, 646 P.2d 543 (1982). Although *Marcum* announced a new rule, the rule was not of constitutional dimensions. *Marcum* did not address a constitutional right because the creation of grand juries is not constitutionally required. Moreover, even though NRS 172.241, one of the statutes interpreted in *Marcum,* refers to the fifth amendment privilege against self-incrimination, there is no constitutional privilege to testify on one's own behalf. Because the notice required by NRS 172.095(1)(d) and NRS 172.241 is not

---

[2]NRS 172.095(1)(d) provides that in its charge to the grand jury, the court shall "[i]nform the grand jurors that the failure of a person to exercise [the] right to testify as provided in NRS 172.241 must not be considered in their decision of whether or not to return an indictment."

NRS 172.241 provides that: "A person whose indictment the district attorney intends to seek or the grand jury on its own motion intends to return, but who has not been subpenaed to appear before the grand jury, may testify before the grand jury if [the person] requests to do so and executes a valid waiver in writing of [the] constitutional privilege against self-incrimination."

constitutionally mandated, the new rule announced by *Marcum* applies only prospectively.

Because we hold that *Marcum* does not apply retroactively, it was not necessary that the grand jury be reconvened. Therefore, we need not address petitioners' remaining contentions regarding alleged errors in the court's order to reconvene the grand jury.

Accordingly, we order the petitions denied.