SHERIFF, CLARK COUNTY, NEVADA, Appellant, *v.* OLLIE WALSH and MATHEW ARCHULETTA, Respondents.

No. 21675

December 6, 1991                                      822 P.2d 109

*Rex Bell,* District Attorney, Clark County, for Appellant.

*Vincent Savarese,* Las Vegas; *Goodman, Stein & Chesnoff,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

On December 14, 1989, a grand jury was convened to determine whether respondents Ollie Walsh and Mathew Archuletta should be indicted on drug charges. The grand jury returned a true bill and on December 15, 1989, an indictment was filed charging respondents with one count of conspiracy to possess or sell a controlled substance and one count of trafficking in a controlled substance.

In Sheriff v. Marcum, 105 Nev. 824, 783 P.2d 1389 (1989), this court held that an accused must be given reasonable notice of the right to testify in front of a grand jury before that person may be indicted. Relying on *Marcum,* respondents sought, and the district court granted, petitions for writs of habeas corpus. The district court dismissed the indictment, believing that the indictment was defective based on our decision in *Marcum.*

The matter was presented anew to the same grand jury on February 22, 1990. Respondents had been given notice of their right to testify at the grand jury proceedings. At the proceedings, an undercover narcotics officer alleged that on December 4, 1989, respondent Walsh negotiated and conducted a sale of approximately 490 grams of cocaine, while respondent Archuletta aided and abetted the sale by driving the vehicle from which the sale was made. Respondent Archuletta testified that he had no knowledge of the bag of cocaine which Walsh allegedly sold. The grand jury returned a true bill, and on February 23, 1990, an indictment was again filed charging respondents with one count of conspiracy to possess or sell a controlled substance and one count of trafficking in a controlled substance.

Thereafter, this court decided in Gier v. District Court, 106 Nev. 208, 789 P.2d 1245 (1990), that the rule from *Marcum* applies only prospectively, not retroactively.

Respondents once again filed petitions for writs of habeas corpus. Following a hearing, the district court granted the petitions and dismissed the second indictment on August 1, 1990. The district court found that it was erroneous to resubmit the matter to the same grand jury which had issued the original indictment. It further found that the district attorney had improperly commented on respondent Walsh's failure to testify and that the grand jury had not been adequately admonished. This timely appeal followed. For the reasons set forth below, we reverse.

Preliminarily, we note that dismissal of the original indictment was not required. Because the district court dismissed the first indictment after our decision in *Marcum* but prior to our decision in *Gier,* it understandably believed that dismissal was mandated by *Marcum.* As *Gier* made clear, however, dismissal in cases such as this one was not required because the first grand jury proceeding preceded *Marcum. Gier,* 106 Nev. at 213, 789 P.2d at 1248.

Although the prosecution did not appeal the first dismissal, such failure does not bar the prosecution from commencing new proceedings for the same offense unless the subsequent prosecution was untimely or the original dismissal was based upon the prosecutor's willful failure to comply with important procedural

rules. McGee v. Sheriff, 86 Nev. 421, 470 P.2d 132 (1970); *see also* NRS 34.590. In this case, the subsequent prosecution was not untimely, nor was the prosecutor's alleged failure to comply with important procedural rules during the first grand jury proceedings willful. Thus, it was proper in this case for the prosecution to seek reindictment for the same offenses.

Moreover, it was not improper to present the matter anew to the same grand jury. We need not be concerned with whether the grand jury was prejudiced because the evidence can be reviewed to determine its legal sufficiency. Such a review would necessarily reveal any prejudice which resulted in an indictment based on insufficient evidence. *See* Bonnenfant v. State, 86 Nev. 393, 469 P.2d 401 (1970).

Because the original grand jury was properly reconvened with notice to the accused, the district court erroneously dismissed the second indictment on this ground.

The district court also granted the petitions on the ground that the district attorney improperly commented on respondent Walsh's failure to testify without adequately admonishing the grand jury. A direct reference to an accused's decision not to testify, at any stage of the proceeding, violates the fifth amendment and mandates reversal. Barron v. State, 105 Nev. 767, 778, 783 P.2d 444, 451 (1989). An indirect reference is constitutionally impermissible if the language used was "manifestly intended to be" or was of such a character that the jury would "naturally and necessarily" take it to be a comment on the accused's failure to testify. *Id.* at 779, 783 P.2d at 451-52. The standard for determining whether an impermissible remark is prejudicial is whether the error is harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 21-24 (1967).

In this case, the grand jurors "naturally and necessarily" took the prosecutor's comment to be an indirect reference to the accused's decision not to testify. The prosecutor stated:

> Neither Mr. Walsh or Mr. Savarese are present although in accordance with the Supreme Court decision [*Marcum*] we did provide them notice for them to be here this morning in order to explain away the charges if they so choose. They are not here.

Being given the opportunity to "explain away the charges" is tantamount to being given the opportunity to exercise the right to testify. Thus, the prosecutor's indirect reference to the failure to

exercise that opportunity constituted improper commentary on Walsh's failure to testify, in violation of the fifth amendment. *Cf.* Harkness v. State, 107 Nev. 800, 820 P.2d 759 (1991).

Furthermore, the grand jury was not adequately admonished. In Sheriff v. Keeney, 106 Nev. 213, 219, 791 P.2d 55, 59 (1990), we concluded that a prosecutor's allegedly improper remarks did not influence the grand jury to indict based on the accused's failure to testify. In *Keeney,* the prosecutor specifically advised the grand jury following the allegedly improper remark that the accused's silence could not be held against him and that he was not required to prove anything. *Id.* By contrast, in this case, following the improper comment, the grand jury was not specifically admonished that exercise of the right to remain silent cannot be held against the accused. We conclude that the general admonishment, which was given to the grand jury at the time it was originally convened over six months earlier, was insufficient to cure the error.

Nevertheless, we conclude that the error was harmless beyond a reasonable doubt. Substantial competent evidence was presented to the grand jury establishing probable cause to indict. Absent the error, we believe that the grand jury would still have reindicted respondents. Thus, respondents were not prejudiced.

Accordingly, we reverse the order of the district court granting respondents' petitions for writs of habeas corpus, and we remand this matter to the district court for further proceedings consistent with this opinion.