SHERIFF, CLARK COUNTY, NEVADA, APPELLANT, *v.* NOEL BRIGHT AND JOHN HARVEY, RESPONDENTS.

No. 22193

July 22, 1992                                                835 P.2d 782

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex A. Bell,* District Attorney, *James Tufteland,* Chief Deputy District Attorney, and *Robert Lucherini,* Deputy District Attorney, Clark County, for Appellant.

*Cherry & Bailus,* Las Vegas, for Respondent John Harvey.

*Schieck & Derke,* Las Vegas, for Respondent Noel Bright.

## OPINION

*Per Curiam:*

Respondents, Noel Bright and John Harvey, were indicted by a grand jury on racketeering charges. The district court granted respondents' petitions for writs of habeas corpus on grounds that the respondents had been denied their right to counsel before the grand jury.

Appellant, the Sheriff of Clark County (State), contends that the grand jury is an investigative rather than an adversarial vehicle, and therefore, the right to counsel does not attach at this early stage. Alternatively, the State asserts that even if Bright and Harvey were entitled to counsel, their rights were not violated because they had each retained counsel.

Bright and Harvey argue that grand jury proceedings are adversarial in nature and have become a critical stage of the prosecution in Nevada, necessitating the assistance of counsel. Bright argues that the State's failure to provide him with counsel deprived him of his right to appear and testify before the grand jury. Harvey admits that he was represented by counsel but nevertheless argues that he was deprived of the *effective* assistance of counsel because he was denied access to discovery prior to the grand jury proceedings.

We determine that neither the Sixth Amendment nor our state

constitutional or statutory law requires the State to extend the right to counsel to indigent grand jury targets.

### Facts

The State sought to indict Bright and Harvey on racketeering charges stemming from their involvement in a street gang whose members committed numerous serious crimes involving violence, threats, illicit drugs and stolen property.[1]

Bright and Harvey received notice of the State's intent to seek an indictment against them. Harvey retained an attorney, who wrote to the district attorney and requested copies of all charges, allegations and evidence that would be put before the grand jury in order to assist Harvey in deciding whether to testify. The district attorney responded that Harvey's statements could be obtained upon a formal request. No such request was made, and Harvey elected not to appear and testify before the grand jury.

The grand jury convened on December 13, 1990 to consider charges of racketeering and racketeering conspiracy against the respondents. That morning, Bright appeared at the Clark County courthouse to testify before the grand jury. After being directed to the seventh floor of the courthouse, Bright asked a police officer whether his attorney was present. When he was told that the district attorney was the only lawyer present, Bright indicated that he would not testify and left the courthouse.[2]

The grand jury returned a true bill on December 14, 1990, and an indictment was filed charging each respondent with four counts of racketeering and conspiracy. Bench warrants were issued and the respondents were arrested. Bright informed the court that he could not afford an attorney, and the court thereupon appointed counsel for him.

Bright and Harvey filed petitions for writs of habeas corpus, averring numerous deficiencies with the grand jury proceedings. Among other complaints, respondents claimed that they suffered a denial of their right to testify before the grand jury because they had been deprived of the assistance of counsel. Following oral arguments, the district court determined that there was sufficient evidence to sustain the indictment but nevertheless issued the writs and discharged the respondents on the basis that they had been denied their right to counsel at a critical stage of the proceedings. The State appealed, and we now reverse.

---

[1]The State also targeted and obtained an indictment against Terrell Daugherty. Daugherty, however, entered into a negotiated agreement with the State and is not a participant in this appeal.

[2]When Bright arrived at the courthouse, the grand jury was advised that he was present and would be the next witness. After Bright left, the grand jury was told that he had chosen not to testify at that time.

## Discussion

The Sixth Amendment to the federal Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. Although the Sixth Amendment right to counsel is an integral part of our criminal justice system, the Supreme Court has not established a bright line test for determining when it becomes necessary to provide indigent criminal defendants with legal representation.

Originally, the Sixth Amendment was interpreted as guaranteeing only the opportunity for a defendant to engage the assistance of counsel on his own, contravening the English practice which prohibited counsel in felony cases. *See* Powell v. Alabama, 287 U.S. 45, 60 (1932). In time, the right was viewed as a mandatory requirement that counsel be provided to indigent defendants in serious federal cases, and eventually, under Johnson v. Zerbst, 304 U.S. 458 (1938), in all federal criminal cases. The right to be represented by counsel in state prosecutions was secured in 1963 under Gideon v. Wainwright, 372 U.S. 335 (1963).

*Gideon,* however, left unresolved issues regarding the scope of the right. The Court later declared that the right attaches only to "critical stages" of the prosecutorial process when a defendant's rights might be prejudiced in the absence of counsel. United States v. Wade, 388 U.S. 218 (1967). Although no all-inclusive definition of "critical stage" has been provided, the criminal prosecution is said to begin with the initiation of "adversary judicial proceedings." Kirby v. Illinois, 406 U.S. 682, 688 (1972). Thus, the right to counsel has been recognized as applicable to certain pre-trial procedures, including preliminary hearings, arraignments, certain identification procedures, and efforts to elicit inculpatory statements. *See* 2 Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 11.2(b) at 20 (1984). However, the right has not been extended to grand jury proceedings because they are generally viewed to be investigatory in nature, and occurring prior to the initiation of adversarial proceedings. Grand jury "targets" have not been formally charged with a crime until indicted.

Nevada has liberally modified the traditionally secretive nature of grand jury proceedings through NRS 172.241, which extends to grand jury targets the right to testify before the grand jury.[3] A

---

[3]NRS 172.241 as it read at the time of the indictment provided:

A person whose indictment the district attorney intends to seek or the grand jury on its own motion intends to return, but who has not been subpenaed to appear before the grand jury, may testify before the grand

target who chooses to testify is required to sign a valid waiver of his right against self-incrimination. In addition, a person whose indictment is sought in Nevada may retain counsel to accompany him or her during an appearance before the grand jury. NRS 172.239. The district court determined that these additional provisions which apply to grand jury targets in Nevada translate into a signal that the grand jury is a critical stage of the prosecution, thereby triggering the right to counsel. We decline to read more into the laws governing the rights of persons targeted by grand juries than is apparent.

Our decision in Sheriff v. Marcum, 105 Nev. 824, 783 P.2d 1389 (1989), clarified that NRS 172.241 gives a person whose indictment is sought the right to receive reasonable notice of the proceedings in order to exercise the right to appear and testify before the grand jury. But nowhere in *Marcum* or in subsequent opinions have we suggested that the full panoply of rights enjoyed by criminal defendants attaches to persons targeted by grand juries. The procedural and fiscal complications resulting from such an extension of the right to counsel would severely hamper the State's ability to prosecute those who offend its laws, and virtually transform the grand jury process into a mini-trial. An individual who is exposed to the criminal justice system can be sufficiently safeguarded against governmental excesses without further extending the right to counsel.[4]

The Supreme Court has noted:

> [W]hile members of the Court have differed as to existence of the right to counsel in the contexts of some . . . cases, *all* of those cases have involved points of time at or after the initiation of adversary judicial criminal proceedings— whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.

*Kirby*, 406 U.S. at 689 (emphasis in original). Prior to the grand jury proceedings, Bright and Harvey had not been arrested in connection with the crimes for which they were ultimately indicted. They were not "faced with the prosecutorial forces of

---

jury if he requests to do so and executes a valid waiver in writing of his constitutional privilege against self-incrimination.

A 1991 amendment to NRS 172.241 now requires the district attorney to give reasonable notice to the person whose indictment is sought *unless* adequate reason exists to withhold notice.

[4]We note that NRS 172.145(2) protects the rights of targeted persons to some extent by placing an obligation upon the prosecutor to present to the grand jury known exculpatory evidence.

organized society," *Kirby,* 406 U.S. at 689, and thus were not entitled to the protections afforded to those whom the state has committed to prosecute.[5]

Even if we were to accept respondents' position, we note that Harvey's writ of habeas corpus nonetheless lacks merit because Harvey *was* represented by counsel.[6] Inability to obtain copies of the evidence to be presented to the grand jury did not render Harvey's counsel ineffective. Nevada statutes permit a *defendant* to obtain copies of his statements or confessions which are in the possession or control of the state, but make no such provisions for persons targeted by grand juries.[7] "[I]t may well be true that in some cases preindictment investigation could help a defendant prepare a better defense. But, as we have noted, our cases have never suggested that the purpose of the right to counsel is to provide a defendant with a preindictment private investigator . . . ." United States v. Gouveia, 467 U.S. 180, 191 (1984).

We do not now consider it practical or prudent to extend discovery rights to persons under investigation by grand juries. Although the semi-secret nature of grand jury proceedings has been criticized as being prejudicial to targeted persons,[8] the procedure's privacy also fulfills a vital role in society. *See, e.g.,* Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399-400 (1959). In the instant case, cause existed to believe that potential witnesses, if revealed, might be subjected to intimidation to dissuade them from testifying or harmed in retaliation for their testimony. While no system is flawless, the grand jury continues to perform a valuable function in the criminal justice process. Moreover, at this point in our nation's history, reality demands greater prosecutorial armamentaria for coping with the menace of lawless gangs, rather than less.

---

[5]We are similarly unpersuaded by Harvey's argument that NRS 172.239(4) confers upon a target the right to counsel. The passage relied on provides that along with a subpoena to appear before the grand jury, "a person entitled to legal counsel" shall receive notice of the opportunity to appear with an attorney. A reading of the entire statute indicates that the phrase "a person entitled to legal counsel" is used to distinguish between grand jury targets, who may be accompanied by counsel, and other witnesses, who may not.

[6]It is unclear from the record whether Bright also obtained counsel prior to the grand jury proceedings.

[7]Additionally, Harvey's discovery request did not comply with EDCR 3.20 and 3.24 procedures for discovery motions.

[8]*See, e.g.,* Samuel Dash, *The Indicting Grand Jury: A Critical Stage?,* 10 Am.Crim.L.Rev. 807 (1972).

For the reasons enunciated above, we reverse the order of the district court granting the writs of habeas corpus and remand this matter to the district court for further proceedings.