OPINION
 

 Per Curiam:
 

 These are appeals from two orders of two district courts denying appellants’ post-conviction petitions for writs of habeas corpus.
 
 [1]
 

 On August 5, 1986, appellants were convicted, pursuant to a jury verdict, of one count each of first degree kidnapping with a deadly weapon, extortion with a deadly weapon, and mayhem with a deadly weapon. Each appellant was sentenced to life with the possibility of parole for kidnapping, ten years for extortion, and five years for mayhem; and each was given identical consecutive sentences for committing each offense with a deadly weapon. In affirming appellants’ convictions and sentences, this court held,
 
 inter alia,
 
 that the red hot fork and electric iron used by appellants in the commission of their crimes were deadly weapons. Clem v. State, 104 Nev. 351, 760 P.2d 103 (1988),
 
 reversed in part,
 
 Zgombic v. State, 106 Nev. 571, 798 P.2d 548 (1990).
 

 On May 15, 1989, appellants each filed identical proper person petitions for post-conviction relief. Appellants raised numerous grounds for relief. On April 9, 1990, after an evidentiary hearing, appellants’ petitions were denied by the district court. This court dismissed appellants’ subsequent appeal. Clem v. State,
 
 *1161
 
 Docket No. 21422 (Order Dismissing Appeal, October 29, 1990).
 

 On December 13, 1990, appellants filed a proper person petition for a writ of habeas corpus in the Seventh Judicial District Court. They contended that: (1) the reasonable doubt instructions given to the jury at their trial were unconstitutional, (2) they received ineffective assistance of counsel because counsel did not argue that the reasonable doubt instructions were unconstitutional, and (3) the jury instruction defining a deadly weapon was an incorrect statement of the law. On July 28, 1992, the district court denied appellants’ petition.
 

 Meanwhile, on September 16, 1991, appellant Gerald Bridge-water individually filed a proper person petition for a writ of habeas corpus in the First Judicial District Court. His petition alleged the same grounds for relief as the joint petition. On December 18, 1991, the district court denied Gerald Bridgewa-ter’s petition.
 

 Appellants contend that the instructions regarding reasonable doubt given to the jury during their trial were unconstitutional.
 
 See
 
 Cage v. Louisiana, 498 U.S. 39 (1990). This contention lacks merit.
 
 See
 
 Lord v. State, 107 Nev. 28, 806 P.2d 548 (1991).
 

 Appellants further contend that their counsel was ineffective for failing to challenge the constitutionality of the reasonable doubt instructions. This contention lacks merit. Appellants’ counsel were not ineffective for failing to challenge the constitutionality of a constitutional instruction.
 
 See
 
 Strickland v. Washington, 466 U.S. 668 (1984).
 

 Appellants finally contend that their sentences should not have been enhanced for using a deadly weapon. Specifically, appellants contend that the new definition of “deadly weapon” adopted in Zgombic v. State, 106 Nev. 571, 798 P.2d 548 (1990) should be applied retroactively. We disagree. New rules of law apply prospectively unless they are rules of constitutional law, and then they are applied retroactively only under certain circumstances. Gier v. District Court, 106 Nev. 208, 789 P.2d 1245 (1990).
 
 Zgombic
 
 created a new, unforeseeable definition of “deadly weapon” which is not of constitutional moment. Therefore, the new definition of “deadly weapon” does not apply retroactively.
 

 Accordingly, we affirm.
 

 [1]
 

 Cause appearing, we consolidate the above-entitled matters for appellate purposes. This appeal was previously dismissed in an unpublished order of this court. On July 27, 1993, the state moved this court to publish as an opinion our previous unpublished order. Cause appearing, we grant the motion. Accordingly, we issue this opinion in place of our order dismissing these appeals filed July 8, 1993.