131 Nev., Advance Opinion 48

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA,<br>Appellant,<br>vs.<br>EARL WAYNE BEAUDION,<br>Respondent. | No. 65429<br><br>**FILED**<br><br>JUL 0 2 2015<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY _____<br>DEPUTY CLERK |

Appeal from an order dismissing an indictment. Eighth Judicial District Court, Clark County; Joe Hardy, Judge.[1]

*Reversed and remanded.*

Adam Paul Laxalt, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Steven S. Owens and Jonathan VanBoskerck, Chief Deputy District Attorneys, and Jeffrey S. Rogan, Deputy District Attorney, Clark County,
for Appellant.

Philip Kohn, Public Defender, and Jeffrey M. Banks and Howard Brooks, Deputy Public Defenders, Clark County,
for Respondent.

---

BEFORE SAITTA, GIBBONS and PICKERING, JJ.

---

[1]District Judge Hardy took office after the proceedings in the district court concluded.

15-20196

## OPINION

By the Court, PICKERING, J.:

NRS 172.241 affords the target of a grand jury investigation the opportunity to testify before them unless, after holding "a closed hearing on the matter," the district court determines that adequate cause exists to withhold target notice. In this case, the district judge supervising the grand jury entered an order authorizing the State to withhold target notice based on the district attorney's written request and supporting affidavit, without conducting a face-to-face oral hearing. We must decide whether this procedure satisfies NRS 172.241's "closed hearing" requirement. We hold that it does and therefore reverse the order dismissing the indictment that was entered by the district judge to whom the criminal case was assigned after the indictment was returned.

## I.

## A.

NRS 172.241(1) provides: "A person whose indictment the district attorney intends to seek . . . may testify before the grand jury if the person requests to do so and executes a valid waiver in writing of the person's constitutional privilege against self-incrimination." To facilitate exercise of this right, NRS 172.241(2) requires the district attorney to give the target reasonable notice, sometimes called *Marcum* notice,[2] of the grand jury proceeding, "unless the court determines that adequate cause exists to withhold notice." Addressing the circumstances in which target notice may be withheld, NRS 172.241(3) specifies that "[t]he district

---

[2]*Sheriff v. Marcum,* 105 Nev. 824, 783 P.2d 1389 (1989), *amended* 790 P.2d 497 (1990).

attorney may apply to the court for a determination that adequate cause exists to withhold notice, if the district attorney . . . [d]etermines" that the target poses a flight risk, cannot be located or, as relevant here, "that the notice may endanger the life or property of other persons."

> If a district attorney applies to the court for a determination that adequate cause exists to withhold notice, *the court shall hold a closed hearing on the matter.* Upon a finding of adequate cause, the court may order that no notice be given.

NRS 172.241(4) (emphasis added).

### B.

The State alleges that respondent Earl Wayne Beaudion committed battery causing substantial bodily harm constituting domestic violence against his then-girlfriend when he tied her to their bed and poured boiling water over her exposed torso, burning her so severely that she required skin grafts. The State further alleges that Beaudion intimidated or threatened the victim with additional harm if she cooperated in his prosecution.

Initially, the State attempted to proceed against Beaudion by information, rather than indictment. Each time the date scheduled for the preliminary hearing arrived, the victim failed to appear and, eventually, she vanished. After three failed attempts at conducting the preliminary hearing, the State dismissed its criminal complaint against Beaudion without prejudice.

Several years later, detectives located the victim. The district attorney's office renewed its efforts to charge Beaudion, this time utilizing the grand jury, which conducts its proceedings largely in secret. *See* NRS 172.245. Before presenting its case against Beaudion to the grand jury, the district attorney's office submitted a written application to the court

supervising the grand jury for permission to withhold target notice from Beaudion. As grounds for withholding target notice, the application asserted that Beaudion would threaten or harm the victim and/or her family to prevent the victim from testifying if Beaudion knew the grand jury was considering his indictment. The ex parte application was supported by an affidavit from the prosecutor relating that "previously the Defendant intimidated the Victim to the point where she would not appear for court"; that, when the victim had to be hospitalized for her burns, Beaudion had driven her from Nevada to California "to avoid being caught for committing the crimes in this case"; and that "[t]here is a good faith basis to believe that if the Defendant learns of the State's intentions of indicting him . . . he will again intimidate or harm the Victim . . . to prevent her from testifying." After considering the written application and supporting affidavit, but without holding an oral hearing, the court entered a written order finding cause for and authorizing the State to proceed without notice to Beaudion.

The victim testified before the grand jury, which returned a true bill, and the State filed an indictment against Beaudion in district court. Under local court rules, *see* EDCR 1.31, the case was administratively assigned to a different department of the district court than had impaneled the grand jury and so had issued the order dispensing with target notice. Beaudion filed a motion to dismiss in the department of the district court to which his criminal case was assigned. He argued that the order authorizing the district attorney's office to withhold *Marcum* notice was deficient because it had not been preceded by the "closed hearing" required by NRS 172.241(4) and that this deficiency invalidated the indictment.

The district court granted Beaudion's motion to dismiss. It accepted that, on the merits, the application and supporting affidavit established more than adequate cause to withhold *Marcum* notice from Beaudion under NRS 172.241(3)(b) (permitting target notice to be withheld if giving notice "may endanger the life or property of other persons"). And, it rejected Beaudion's argument that the "closed hearing" needed to include him and his lawyer as participants. Nonetheless, the district court deemed it a violation of NRS 172.241(4)'s "closed hearing" requirement for the court to have dispensed with target notice based on the prosecutor's written submissions, without conducting an oral, face-to-face hearing. In the district court's view, the failure to hold the hearing required by NRS 172.241(4) invalidated the order authorizing the State to withhold target notice from Beaudion and rendered the indictment procedurally defective, requiring dismissal. The dismissal was effectively with prejudice since by then the statute of limitations had run. The State appeals, and we reverse.

## II.

### A.

The State makes a threshold argument that it did not make in the district court challenging the district court's jurisdiction over Beaudion's motion to dismiss. It contends that the district judge assigned to Beaudion's criminal case lacked authority to "overrule" the grand jury judge's decision to waive target notice, and that instead of asking the former to "overrule" the latter, Beaudion should have challenged the grand jury judge's decision by way of an extraordinary writ from this court. We disagree. NRS 174.105 allows a defendant to challenge procedural defects in the indictment by pretrial motion, and the State offers no authority that makes an original action in this court the

exclusive means for a criminal defendant to contest compliance with NRS 172.241. Nor are we persuaded that the district judge assigned to Beaudion's criminal case improperly reexamined or second-guessed the grand jury judge's substantive determination that adequate cause existed to withhold target notice. On the contrary, the district judge examined the procedure followed, specifically, whether it deviated from NRS 172.241(4) in such a way as to require dismissal of the indictment—questions neither tendered to nor decided by the district judge charged with supervising the grand jury's preindictment activities. While one district judge may not directly overrule the decision of another district judge on the same matter in the same case, *see State v. Babayan*, 106 Nev. 155, 165, 787 P.2d 805, 812-13 (1990), this rule does not prohibit a second district judge who is assigned to a matter by operation of administrative court rules from deciding a matter related but not identical to another regularly assigned judge's earlier rulings. *Rohlfing v. Second Judicial Dist. Court*, 106 Nev. 902, 906-07, 803 P.2d 659, 662-63 (1990) (while invalidating a third district judge's order reinstating a case a second district judge had dismissed on double jeopardy grounds, this court found no infirmity in the second judge's order of dismissal, even though the order of dismissal implicitly conflicted with the yet-earlier order of the first district judge, who tried the case and had granted a mistrial over defense objection that manifest necessity for a mistrial had not been shown); *see Major v. State*, 130 Nev., Adv. Op. 70, 333 P.3d 235, 237-38 (2014).

### B.

Although we normally "review a district court's decision to grant or deny a motion to dismiss an indictment for abuse of discretion," *Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008), this appeal concerns the proper interpretation of NRS 172.241(4), specifically, its

"closed hearing" requirement. "Statutory [interpretation] involves a question of law, and this court reviews the statute under scrutiny de novo, without deference to the district court's conclusions." *Schuster v. Eighth Judicial Dist. Court*, 123 Nev. 187, 190-91, 160 P.3d 873, 875 (2007) (interpreting NRS 172.145(2)).

The question we must decide is what NRS 172.241(4) means by its "closed hearing" requirement. The statute does not define the term "closed hearing." Beaudion argued in the district court that the "closed hearing" excludes the public but includes the target—in other words, that before granting an application to withhold notice, the court must conduct an adversarial hearing, with the target present, so the target can challenge the factual and legal bases for withholding *Marcum* notice. The district court rejected this reading of NRS 172.241(4), and so do we. A defendant's rights to *Marcum* notice and to testify before the grand jury are statute-based, not constitutional in origin. *See Gordon v. Ponticello*, 110 Nev. 1015, 1020-21, 879 P.2d 741, 745 (1994) ("[T]he Nevada Legislature has chosen to extend the right to testify to grand jury targets [through NRS 172.241], a grant of grace that it was not constitutionally required to make."); *Gier v. Ninth Judicial Dist. Court*, 106 Nev. 208, 212, 789 P.2d 1245, 1248 (1990) ("Although *Marcum* announced a new rule, the rule was not of constitutional dimensions. *Marcum* did not address a constitutional right because the creation of grand juries is not constitutionally required."). This being so, the defendant has no right to participate in the "closed hearing" beyond that conferred by statute and here, the statute does not confer the right to notice of the "closed hearing" on the defendant. After all, the point of the hearing is to determine whether "adequate cause" exists to withhold notice of the grand jury

proceeding from its target because, under NRS 172.241(3), giving such notice might cause the target to flee or endanger the lives or property of others. We do not read statutes to produce absurd or unreasonable results, *see Washington v. State*, 117 Nev. 735, 739, 30 P.3d 1134, 1136 (2001), and it would indeed be absurd to read NRS 172.241(4) to require that the target be given notice and opportunity to be heard on whether notice should be withheld because he or she presents a flight risk or threat to others if given notice. The district court correctly rejected this argument.

The harder question is whether the reference in NRS 172.241(4) to a "closed hearing" requires an oral presentation to the court by the prosecutor or permits the court to decide whether to approve withholding target notice based on the prosecutor's written submission if the written submission is adequate to the task. That the hearing must be "closed" does not affect the analysis; the adjective "closed" signifies only that the hearing, whatever it may entail, be "conducted in secrecy," *Black's Law Dictionary* 310 (10th ed. 2014), which is consistent with the obligations of secrecy stated in NRS 172.245. The difficulty lies in the term "hearing."

The word "hearing" derives from the word "hear" and thus seems to carry an "auditory component." *Lewis v. Superior Court*, 970 P.2d 872, 883 (Cal. 1999). This suggestion of an oral or auditory component also inheres in general dictionary definitions of "hearing," for example, *Black's Law Dictionary*, which defines "hearing" as "A judicial session, usu. open to the public, held for the purpose of deciding issues of fact or of law, sometimes with witnesses testifying." *Id.* at 836. But this does not answer the question whether, invariably, a hearing must be oral

or can be achieved by written submissions. On this point, "[t]he term 'hearing' in its legal context undoubtedly has a host of meanings," *United States v. Fla. E. Coast Ry. Co.*, 410 U.S. 224, 239 (1973); *see also U.S. ex rel. Siller v. Becton Dickinson & Co.*, 21 F.3d 1339, 1350 (4th Cir. 1994) (observing "the fluidity in the meaning of the term 'hearing'"), *superseded by statute on other grounds as stated in U.S. ex rel. Black v. Health & Hosp. Corp. of Marion Cnty.*, 49 Fed. Appx. 285 (2012), making etymology and dictionary definitions less helpful than other indicia of statutory meaning, including the context in which the hearing requirement arises and the object of the review process involved.[3] *See Chanos v. Nev. Tax Comm'n*, 124 Nev. 232, 241, 181 P.3d 675, 681 (2008) (noting multiple, competing dictionary definitions of "hearing" and deeming the hearing requirement in former NRS 360.247 ambiguous, requiring resort to legislative history to determine its meaning in context).

The majority of courts to have considered the question "have concluded that the use of the term 'hearing' in a statute does not confer a [mandatory] right to oral argument [or oral presentation] unless additional statutory language or the context indicates otherwise." *Lewis*, 970 P.2d at 884 (collecting cases); *Chan v. Gantner*, 464 F.3d 289, 296 (2d Cir. 2006) ("Absent some otherwise expressed Congressional intent, the

---

[3]Article 6, Section 2(2)(a) of the Nevada Constitution, for example, authorizes the Legislature to provide for the "hearing and decision of cases by panels of no fewer than three justices." Neither in its rules nor its practice has this court allowed oral argument in all panel cases, yet that would be the effect of interpreting "hearing" to invariably require an oral presentation or exchange.

mere use of the word 'hearing' in a statute does not mandate an evidentiary hearing be held."). And as one commentator has recognized,

> Determination whether or not an oral hearing is required should depend on the susceptibility of the particular subject matter to written presentation, on the ability of the complainant to understand the case against him and to present his arguments effectively in written form, and on the administrative costs.

Henry J. Friendly, *"Some Kind of Hearing,"* 123 U. Pa. L. Rev. 1267, 1281 (1975), *cited with approval in Mathews v. Eldridge*, 424 U.S. 319, 343, 348 (1976), and *Lewis*, 970 P.2d at 884. Thus, depending on context, a statutory hearing requirement may be satisfied by providing the parties the opportunity to present arguments and evidence through written submissions. *See, e.g., Florida E. Coast Ry. Co.*, 410 U.S. at 241-42 (holding that a hearing requirement contained in the Administrative Procedure Act could be satisfied by allowing interested parties to file written submission of argument and evidence and did not require oral testimony or argument); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 176-77 (3d Cir. 1990) ("While [former Federal Rule of Civil Procedure] Rule 56 speaks of a 'hearing,' we do not read it to require that an oral hearing be held before judgment is entered. An opportunity to submit written evidence and argument satisfies the requirements of the rule."); *Hower v. Wal-Mart Stores, Inc.*, Civil Action No. 08-1736, 2009 WL 2047892, at *3 (E.D. Pa. July 10, 2009) (unpublished disposition) (collecting cases). *Cf. Ou-Young v. Roberts*, No. C-13-4442 EMC, 2013 WL 6732118, at *8 (N.D. Cal. Dec. 20, 2013) (unpublished disposition) (a "notice and opportunity to be heard" in the vexatious litigation context requires only "that the litigant be given an

opportunity to oppose the order before it is entered," and does not require an in-person hearing).

Given the ex parte nature of the procedure here, if the district court has determined that the State's written submissions provide sufficient grounds to support withholding notice, nothing further would be accomplished by requiring the prosecuting attorney to appear before the district court to orally argue what is already provided in the written materials. And as long as the State's written submissions and the district court's order memorialize the reasons underlying the district court's decision, the target, if later indicted, would be able to challenge the basis upon which the notice was withheld, serving another purpose of the notice withholding procedure. Hearing on S.B. 82 Before the Assembly Committee on Judiciary, 66th Leg. (Nev., May 30, 1991) (testimony discussing the addition of the "closed hearing" language and other amendments to NRS 172.241, and confirming that if "the district attorney's office abused the process the defense had the remedy of filing a motion to dismiss the indictment").

Thus, the more reasonable interpretation of "closed hearing," as used in NRS 172.241, does not mandate an oral hearing in all instances, as that would require use of court resources and time for essentially no reason in cases such as this, *see Westpark Owners' Ass'n v. Eighth Judicial Dist. Court*, 123 Nev. 349, 357, 167 P.3d 421, 427 (2007) ("[T]his court will resolve any doubt as to [a statute's fair meaning] in favor of what is reasonable."), but instead requires in camera review by the court of the State's submission, with or without the prosecutor present. Indeed, this is consistent with ABA Model Grand Jury Act of 1982, section 102(3), which, like NRS 172.241, affords a target notice and

the opportunity to testify unless "the prosecutor demonstrates to the court *in camera* that there are reasonable grounds to believe that giving such notice would create an undue risk of danger to other persons, flight of the target or other obstruction of justice," requiring judicial review but not an in-person meeting between the prosecutor and the judge. And we see no reason to impose a blanket oral hearing requirement when NRS 172.241's purposes can be met without the prosecuting attorney meeting in-person ex parte with the district court judge. *See Markowitz v. Saxon Special Servicing*, 129 Nev., Adv. Op. 69, 310 P.3d 569, 572 (2013) ("When a party accomplishes such actual compliance as to matters of substance, technical deviations from form requirements do not rise to the level of noncompliance."); *see also Citizens for Allegan Cnty., Inc. v. Fed. Power Comm'n*, 414 F.2d 1125, 1128 (D.C. Cir. 1969) ("[T]he right of opportunity for hearing does not require a procedure that will be empty sound and show, signifying nothing."). Thus, NRS 172.241's procedure for withholding notice is met if the State presents sufficient evidence to the district court, through written application and/or at oral argument, should the court require it, to allow the court to conclude by written order that that adequate cause to withhold notice of the grand jury proceedings exists. As the State did so here, we reverse the order dismissing the indictment and remand.

_____, J.
Pickering

We concur:

_____, J.
Saitta

_____, J.
Gibbons