An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIS ESTES,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JEROME T. TAO, DISTRICT JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 63159

**FILED**

JUN 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
    DEPUTY CLERK

*ORDER DENYING PETITION*

This original petition for a writ of mandamus challenges a district court order denying a motion to dismiss an indictment on the ground that the State failed to provide petitioner Willis Estes reasonable notice of the grand jury proceedings.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion. *See Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). The decision to entertain an extraordinary writ petition lies within the discretion of this court, and "[t]his court considers whether judicial economy and sound judicial administration militate for or against issuing the writ." *Redeker v. Eighth Judicial Dist. Court*, 122 Nev. 164, 167, 127 P.3d 520, 522 (2006), *limited on other grounds by Hidalgo v. Eighth Judicial Dist. Court*, 124 Nev. 330,

13 - 17400

341, 184 P.3d 369, 377 (2008). We have held that "[a] writ of mandamus is an appropriate remedy for inadequate notice of a grand jury hearing." *Lisle v. State*, 113 Nev. 540, 551, 937 P.2d 473, 480 (1997), *as clarified on reh'g*, 114 Nev. 221, 223-24, 954 P.2d 744, 746 (1998); *Solis-Ramirez v. Dist. Court*, 112 Nev. 344, 347, 913 P.2d 1293, 1295 (1996).

Estes is awaiting trial on charges related to alleged domestic-related altercations with his wife. On October 25, 2012, the State served Estes and counsel with a notice of intent to seek an indictment. That day, counsel responded, requesting the date of the grand jury hearing and indicating that the defense may request the State to present exculpatory evidence to the grand jury. According to the district court's findings, counsel later advised the State that Estes would not testify at the grand jury hearing. The grand jury convened on November 1, 2012, and an indictment issued the next day. Subsequently, Estes filed a motion to dismiss the indictment arguing, among other things, that (1) the grand jury notice was defective because it failed to state the time, place, and date of the grand jury hearing and (2) the grand jury convened four days after the notice was served in violation of NRS 172.241(2)(a). The district court denied the motion to dismiss, and this original writ petition followed.

Estes' claim that the grand jury notice was defective because the State did not provide the time, place, and date of the grand jury hearing lacks merit because the State is not required to provide that information unless the grand jury target submits a written request expressing his intent to testify. NRS 172.241(2)(b). Here, Estes did not express his intent to testify in his initial communication with the State but only requested to be notified of the date of the grand jury hearing. The district court found that counsel later emailed the State indicating

that Estes would not testify. Estes argues that because new counsel was appointed after he was served the grand jury notice and he did not communicate with counsel before the grand jury hearing convened, he never affirmatively waived his right to testify. However, we conclude that the State met its statutory obligation to provide reasonable notice in this instance. Estes' circumstances with counsel do not render the grand jury notice defective.

Estes also argues that the grand jury notice was defective because it was served less than 5 judicial days before the grand jury convened in violation of NRS 172.241(2)(a) (providing that a grand jury notice is adequate if it "gives the person not less than 5 judicial days to submit a request to testify to the district attorney"). The grand jury notice was served 4 judicial days before the 1-day grand jury hearing. The district court determined that once Estes affirmatively notified the State that he would not testify, the State was not required to wait the five days provided in NRS 172.241(2)(a) to accommodate Estes' opportunity to exercise his right to testify. Although Estes denies having waived his right to testify, he does not appear to dispute that counsel advised the State by email that he would not testify at the grand jury.

Considering Estes' argument and the record before us, we conclude that Estes has failed to demonstrate that the district court manifestly abused its discretion or exercised its discretion in an arbitrary or capricious manner, *see State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (defining manifest abuse of

discretion as clearly erroneous interpretation or application of a law or rule). Accordingly, we

ORDER the petition DENIED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Jerome T. Tao, District Judge
Carl E. G. Arnold
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]We note that the district court also denied the motion to dismiss on jurisdictional grounds but considered the merits of the motion in anticipation of a challenge to its decision. Estes does not challenge the district court's jurisdictional basis for denying the motion.