IN THE SUPREME COURT OF THE STATE OF NEVADA

TARIK GOICECHEA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE MICHELLE
LEAVITT, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 81192

FILED

JUN 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original petition for a writ of mandamus challenging a district court order denying in part a pretrial petition for a writ of habeas corpus. A grand jury indicted petitioner Tarik Goicechea on charges of murder with the use of a deadly weapon with the intent to further a criminal gang, conspiracy to commit murder, and racketeering. Goicechea filed a pretrial petition for a writ of habeas corpus requesting that the district court dismiss the indictment because the State failed to provide him with Marcum[1] notice before the grand jury hearings. The district court declined to dismiss the indictment and instead ordered the State to reconvene the grand jury and allow Goicechea the opportunity to testify and to have exculpatory evidence presented to the grand jury. Goicechea challenges this

---

[1]Sheriff v. Marcum, 105 Nev. 824, 783 P.2d 1389 (1989).

20-23440

decision and asks this court to direct the district court to dismiss the indictment.

"A writ of mandamus may issue to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, or to control an arbitrary or capricious exercise of discretion." *Clay v. Eighth Judicial Dist. Court*, 129 Nev. 445, 449, 305 P.3d 898, 901 (2013) (internal citation and quotation marks omitted). Such a writ is an extraordinary remedy, and it is within this court's discretion to consider the petition. *Id.* at 450, 305 P.3d at 901 (recognizing that a writ of mandamus may be an appropriate remedy for violations of grand-jury procedures).

NRS 172.241(5) contemplates that when notice of grand jury proceedings is inadequate, "the person [whose indictment is being considered] must be given the opportunity to testify before the grand jury" and, if the person does so testify, "the grand jury must be instructed to deliberate again on all the charges contained in the indictment following such testimony." The district court's instructions to the State to reopen the grand jury proceedings and allow Goicechea the opportunity to testify complies with NRS 172.241(5). Goicechea relies on our decision in *Solis-Ramirez v. Eighth Judicial District Court*, 112 Nev. 344, 913 P.2d 1293 (1996), to argue that dismissal of the indictment is the proper remedy for the State's failure to provide *Marcum* notice. *Solis-Ramirez*, however, was decided before the remedial provision of NRS 172.241(5) was enacted in 2015. 2015 Nev. Stat., ch. 148, § 10, at 580. Because NRS 172.241(5) makes clear that the remedy for inadequate notice of grand jury proceedings is to provide the defendant with an opportunity to testify, the district court's

refusal to dismiss the indictment was not an arbitrary or capricious exercise of discretion. Accordingly, we

ORDER the petition DENIED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish


cc:    Hon. Michelle Leavitt, District Judge
       The Law Office of Kristina Wildeveld & Associates
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk