SHERIFF, HUMBOLDT COUNTY, NEVADA, Appellant
v. LAWRENCE CARL MARCUM, Respondent.

No. 19701

SHERIFF, HUMBOLDT COUNTY, NEVADA, Appellant
v. PAUL KNIGHT HARBIN, Respondent.

No. 19856

December 20, 1989                    783 P.2d 1389

*Jack T. Bullock,* District Attorney and *Edward T. Reed,* Deputy District Attorney, Humboldt County, for Appellants.

*Virginia R. Shane,* Winnemucca, for Respondent Marcum.

*Terri Steik Roeser,* State Public Defender and *John C. Lambrose* and *Jeffrey M. Evans,* Deputy State Public Defenders, Carson City, for Respondent Harbin.

*Brian McKay,* Attorney General and *David Sarnowski,* Deputy Attorney General, Carson City, for Amicus Curiae.

## OPINION

*Per Curiam:*

Appellant Sheriff of Humboldt County (State) asks this court to

reverse the district court's decision granting respondents' (Harbin and Marcum) petition for a writ of habeas corpus. We affirm the district court's decision.

## FACTS

On May 29, 1987, Harbin and Marcum were arrested in Humboldt County and charged with various offenses. The grand jury indicted both men on all charges. The district court granted Harbin's and Marcum's petition for a writ of habeas corpus because, among other reasons, the district attorney failed to give them reasonable notice of the grand jury proceedings in which they were indicted. The State appealed to this court and we dismissed the appeal.

On January 12, 1988, the district attorney informed Harbin's and Marcum's prior attorneys that he would ask the grand jury to indict their former clients the next day. Harbin's attorney requested more time and advised the district attorney that he could not reach his former client. Marcum was in prison at the time. No notice was personally given to either Harbin or Marcum before the grand jury hearing at which they were indicted for grand larceny and possession of burglary tools.

Harbin and Marcum filed a pretrial petition for a writ of habeas corpus contending that the district attorney had not given them reasonable notice of the grand jury proceedings at which they were indicted. The district court held that pursuant to NRS 172.095(1)(d) and NRS 172.241 a target defendant has the right to testify before the grand jury. The court reasoned that since a target defendant has the right to testify before the grand jury, it follows that he has a right to be notified that the grand jury is about to indict him. Without such notice, the right to testify would be meaningless and the statute allowing it would be a nullity. Finally, the court held that five days notice to a target defendant is reasonable notice. Thus, the district court granted Harbin's and Marcum's petition for a writ of habeas corpus. The State now appeals that decision.

## LEGAL DISCUSSION

The State agrees that a target defendant has a right to testify before a grand jury indicts him, but maintains that this right is contingent upon his knowledge of the grand jury proceedings. Thus, the State contends that notice to a grand jury defendant is permissive, not mandatory. The State maintains that the legislative history of Senate Bill 103, which deals with grand jury hearings, supports its contentions.

We note that although both NRS 172.095(1)(d)[1] and NRS 172.241[2] give a defendant the right to testify before a grand jury, both statutes are silent regarding a defendant's right to have notice of the grand jury proceedings at which he may be indicted. Since these statutes could be interpreted differently by reasonable people, we conclude that they are ambiguous in regard to whether notice is mandatory or permissive. When the language of a statute is ambiguous, the court will construe it in line with legislative intent, reason and public policy. Robert E. v. Justice Court, 99 Nev. 443, 445, 664 P.2d 957, 959 (1983).

We have investigated the legislative history of Senate Bill 103 and find no clear intent on the part of the legislature as to whether a target defendant must be given notice before a grand jury indicts him. Therefore, we will construe these statutes in line with reason and public policy.

NRS 172.095(1)(d) and NRS 172.241 clearly give a defendant the right to testify in front of a grand jury before he is indicted. This right would be meaningless if a defendant is not given notice that a grand jury will meet and consider returning an indictment against him. Without the right to notice, a defendant has only two ways of finding out an indictment against him is being considered. The first is by accident. A defendant's right to testify should not depend on luck. The second way a defendant might learn of a grand jury proceeding against him is from the district attorney. This would give the district attorney the power to inform or not inform any target defendant against whom an indictment is requested. To give the district attorney such discretion is unreasonable.

Finally, we conclude that giving a defendant notice that he is a target of a grand jury investigation is consistent with the policy of avoiding unnecessary trials. A defendant who has notice that he is

---

[1]NRS 172.095(1)(d) provides that in its charge to the grand jury, the court shall:

> Inform the grand jurors that the failure of a person to exercise his *right to testify* as provided in NRS 172.241 must not be considered in their decision of whether or not to return an indictment.

(Emphasis added.)

[2]NRS 172.241 provides that:

> A person whose indictment the district attorney intends to seek or the grand jury on its own motion intends to return, but who has not been subpenaed to appear before the grand jury, *may testify before the grand jury if he requests to do so* and executes a valid waiver in writing of his constitutional privilege against self-incrimination.

(Emphasis added.)

the subject of a possible indictment may present the grand jury with evidence which exonerates him. Hence, in some instances notice to the target defendant will eliminate the need for a trial.

For the above reasons, we conclude that the district court correctly found that reasonable notice is required before a defendant is indicted by a grand jury, and the court was correct in finding that a one-day notice was unreasonable. Therefore, we affirm the district court's decision.

STEFFEN, A.C.J., SPRINGER, MOWBRAY, and ROSE, JJ., and ZENOFF, SR. J.,[3] concur.