JOHN CLAY JOHNSTON, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 22177

December 20, 1991                    822 P.2d 1118

*Lee Elizabeth McMahon,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, and *James Tufteland* and *Thomas L. Leen,* Chief Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Detective Frederick Davis, an undercover narcotics officer with the Las Vegas Metropolitan Police Department, was introduced to Ellen Wilhelmi (Wilhelmi), originally a co-defendant in this case, through a confidential informant. He purchased drugs from Wilhelmi on several occasions between January 23, 1990, and March 8, 1990. On each occasion, Davis called Wilhelmi to arrange a meeting, picked her up at her home, gave her money, and drove her to the residence of appellant John Clay Johnston (Johnston). Wilhelmi would go into the apartment and return with narcotics which she purported to be methamphetamine.

On March 8, 1990, Detective Sherri Getchman accompanied Davis and Wilhelmi and, in order to meet Johnston, claimed she had to use the restroom in the apartment. While there, Getchman arranged a meeting between Johnston and Davis. Davis and Getchman met Johnston in a bar and talked about methamphetamine. According to both detectives, Johnston told them that he wanted to produce and sell his own drugs and that he knew Ellen Wilhelmi was selling his methamphetamine to someone.

On April 6, 1990, the narcotics unit searched Johnston's apartment, seized the drugs, and arrested Johnston. On May 11, 1990, Johnston was indicted for the charges of conspiracy to sell, possession of, and trafficking in methamphetamine and ephedrine. On August 13, 1990, Johnston sought a writ of habeas corpus on the ground that he never received notice of the grand jury proceedings. After an evidentiary hearing, the district court denied Johnston's motion and ordered the writ discharged and dissolved. After a jury trial, Johnston was convicted on all counts.[1] This appeal followed.

First, Johnston argues that the State failed to give him notice and opportunity to be heard before the grand jury. Because NRS 172.095(1) and NRS 172.241 provide a defendant with the right to testify in front of a grand jury before he or she is indicted, the defendant must receive reasonable notice of the grand jury proceeding. Sheriff v. Marcum, 105 Nev. 824, 826-827, 783 P.2d 1389, 1390 (1989). At the pretrial hearing, all parties agreed that it was a matter of credibility of the witnesses as to whether Johnston received the required "Marcum Notice." Johnston testified that he was never given notice, either orally or in writing. The State produced four witnesses, however, to support its contention that Johnston received notice of the proceeding. Therefore, we conclude that the district court did not abuse its discretion in finding in favor of the State.

Next, Johnston argues that he was indicted improperly because the grand jury was comprised of thirteen people instead of seventeen. The record indicates that the grand jury consisted of thirteen members, at least twelve of whom voted to indict Johnston. We conclude that the district court properly complied with the requirements for a grand jury indictment. In selecting the grand jury, the sheriff "shall summon the proposed grand jurors, and the district judge presiding over the impaneling of the grand jury shall select at random from their number 17 persons to constitute the grand jury and 12 persons to act as alternate grand jurors." NRS 6.110(3). If for any reason a person selected is unable to serve on the grand jury until the completion of its business, the district judge shall select one of the alternate grand jurors to serve in his or her place. NRS 6.110(5). The selected grand jurors are

---

[1]Johnston was sentenced to serve in the Nevada State Prison as follows: For Count I, 3 years; Count II, 8 years; Count III, 8 years; Count IV, 8 years; Count V, 8 years; Count VI, 8 years; Count VII, 8 years; Count VIII, 8 years; Count IX, 8 years; Count X, 8 years; Count XI, 8 years; Count XII, 8 years; Count XIII, 3 years; and Count XIV, 9 years. He also must pay a fine of $50,000.00 plus restitution. County I-XIII are to run concurrent to each other, and Count XIV is to run consecutive to Counts I-XIII.

to participate in grand jury proceedings for a fixed period of time, generally one to two years, and there is no express statutory provision prohibiting the absence of a grand juror from one meeting. Nor is there an express provision requiring seventeen members every time the selected grand jury meets. In fact, there is a long-standing practice of carrying on the proceedings, regardless of whether or not all seventeen grand jurors are present. As long as at least twelve members hear the matter presented and vote to return an indictment against the defendant, the court has complied with the requirements. *See* NRS 172.255.

Finally, Johnston asserts that the State failed to present substantial evidence that the ephedrine he sold was not compounded with ingredients for over-the-counter sale. Even though the substance was not pure ephedrine, there is ample expert testimony and substantial evidence to support the jury's inference that the drugs containing ephedrine were not prepared for dispensing or over-the-counter sale. Accordingly, we hereby affirm the judgment of conviction entered by the district court.