JOSE DEJESUS SOLIS-RAMIREZ, Petitioner, v. THE EIGHTH JUDICIAL DISTRICT COURT of the State of Nevada, in and for the County of Clark, and THE HONORABLE JOHN S. McGROARTY, District Judge, Respondents, and THE STATE OF NEVADA, Real Party in Interest.

No. 28029

April 3, 1996                                    913 P.2d 1293

---

[Rehearing denied December 17, 1996]

*Carmine J. Colucci,* Las Vegas, for Petitioner.

*Stewart L. Bell,* District Attorney and *James Tufteland,* Chief Deputy District Attorney, Clark County, for Real Party in Interest.

## OPINION

*Per Curiam:*

This original petition for a writ of mandamus challenges an order of the district court denying Jose Dejesus Solis-Ramirez's ("Ramirez") motion to dismiss a criminal indictment. Ramirez contends that the state failed to give him reasonable notice of the grand jury hearing. For the reasons discussed below, we grant the petition for a writ of mandamus.

### FACTS

On May 19, 1995, Ramirez and two other men were arrested at the McCarran International Airport in Las Vegas, Nevada for

transporting cocaine and heroin. Ramirez was provided with notice of the state's intention to obtain a grand jury indictment against him. The notice informed Ramirez that he had the right to testify, to present exculpatory evidence, and to be accompanied by an attorney at the grand jury hearing. Further, the notice informed Ramirez that he must contact the district attorney's office within five days of receipt of the notice if he wanted to testify or to present evidence at the hearing. The notice provided an address and a telephone number to call between the hours of 9 a.m. and 5 p.m. The notice did not state the date, time, or place of the grand jury hearing.

Ramirez was not present at the grand jury hearing held on May 25, 1995. After hearing testimony from three witnesses for the state, the grand jury returned a true bill charging Ramirez with one count of conspiracy to transport a controlled substance, one count of transporting a controlled substance, and two counts of trafficking in a controlled substance. An indictment was filed on May 26, 1995.

On November 14, 1995, Ramirez's co-defendant, Jose Nunez Garcia ("Garcia"), filed in the district court a motion to dismiss the criminal indictment, contending that Garcia failed to receive proper notice of the grand jury hearing. With permission from the district court, Ramirez joined Garcia's motion to dismiss. After a hearing, the district court denied the motion to dismiss, and set the matter for trial on February 12, 1996. Ramirez then filed the instant petition for a writ of mandamus, which the state has opposed.

## DISCUSSION

Ramirez contends that he was not provided with adequate notice of the grand jury hearing pursuant to NRS 172.241(2) because the notice did not specify the date, time, and place of the hearing. Ramirez asserts that the district attorney was obligated to give him notice of the time, date, and place of the grand jury hearing, which would have enabled Ramirez to exercise his right to testify at the hearing. The state contends that the notice provided to Ramirez was reasonable pursuant to NRS 172.241(2), because it conveyed the district attorney's intent to seek an indictment. The state asserts that the reasonable notice provision of NRS 172.241(2) does not require that the notice contain the time and date of the hearing, and that the notice provided to Ramirez was sufficient.

We have considered the petition and we are satisfied that this court's intervention by way of extraordinary writ is warranted. In

*Sheriff v. Marcum*, 105 Nev. 824, 826-27, 783 P.2d 1389, 1390-91 (1989), this court held that a defendant must be given reasonable notice that he is the target of a grand jury investigation before he is indicted by a grand jury. The purpose of reasonable notice is to ensure that a defendant has an opportunity to exercise his right to testify at the grand jury hearing. *Id.* Without proper notice, the right to testify would be meaningless. *Id.* at 826-27, 783 P.2d at 1390.

In 1991, the Nevada Legislature added the following provision to NRS 172.241:

> A district attorney shall give reasonable notice to a person whose indictment is being considered by a grand jury unless the court determines that adequate cause exists to withhold notice. The notice is adequate if given to the person, his attorney of record or an attorney who claims to represent the person.

NRS 172.241(2). This provision reflects the reasonable notice requirement expressed in *Marcum*.

The state's contention that the notice provided to Ramirez constitutes reasonable notice pursuant to NRS 172.241(2) lacks merit. Although NRS 172.241(2) does not specifically state what constitutes reasonable notice, we conclude that the notice provided to Ramirez was not reasonable. The notice did not provide the date, time, or place of the grand jury hearing. NRS 172.241(2) requires notice of a grand jury hearing, not notice that a grand jury hearing will be held at some time in the future. Such notice did not ensure Ramirez's right to testify at the grand jury hearing. Further, the notice merely alerted Ramirez of the district attorney's intention to seek an indictment and that he could testify if he contacted the district attorney's office. NRS 172.241(2) places the burden on the district attorney's office to give an accused reasonable notice of a grand jury hearing. The notice provided to Ramirez placed the burden on him to call the district attorney's office from jail and locate the information regarding the date, time, and location of the hearing. Therefore, we conclude that the state did not provide Ramirez with reasonable notice of the grand jury hearing as required by NRS 172.241(2).

A writ of mandamus will issue only where there is no plain, speedy, and adequate remedy at law. NRS 34.170. Ramirez does not have an adequate legal remedy from the district court's order denying the motion to dismiss the criminal indictment. *See* NRAP 3A; NRS 177.015.

## CONCLUSION

Accordingly, we grant this petition for a writ of mandamus. The clerk of this court shall issue a writ of mandamus compelling the district court to grant Ramirez's motion to dismiss the criminal indictment. We lift the stay of proceedings in the district court imposed by our order filed February 7, 1996.