KEVIN JAMES LISLE, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 28172

February 26, 1998                                954 P.2d 744

*Morgan D. Harris,* Public Defender, *Michael L. Miller,* Deputy Public Defender, and *Ralph E. Baker,* Deputy Public Defender, Clark County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, *Stacy Kollins,* Deputy District Attorney, and *Daniel M. Seaton,* Deputy District Attorney, Clark County, for Respondent.

---

## OPINION

*Per Curiam:*

On October 22, 1994, appellant Kevin James Lisle shot and killed Kip Logan. After a jury trial, Lisle was convicted of first degree murder with a deadly weapon and sentenced to death.

On appeal, Lisle alleged that on October 31, 1994, after he was arrested, he was taken to the police station where he was hand-cuffed to a chair. He asserted that a female police officer threw a piece of paper across the table in front of him and announced, "You've been subpoenaed." Because he was handcuffed, Lisle alleged that he was unable to read the paper, and no one informed him of the contents.

Two days later, on November 2, 1994, Lisle was given actual notice in justice court that the grand jury would be convening on November 3, 1994, to consider issuing an indictment against him. The next day, the grand jury proceedings did take place, and Lisle was indicted for murder.

On December 19, 1994, Lisle filed a motion to dismiss his indictment due to inadequate notice, pursuant to NRS 172.241(2) and Sheriff v. Marcum, 105 Nev. 824, 783 P.2d 1389 (1989).[1] Additionally, on December 20, 1994, Lisle filed in the district court a petition for a writ of habeas corpus on this issue. In response, the state asserted that Lisle was mailed notice of the

---

[1]NRS 172.241(2) provided: "A district attorney shall give reasonable notice to a person whose indictment is being considered by a grand jury unless the court determines that adequate cause exists to withhold notice. The notice is adequate if given to the person, his attorney of record or an attorney who claims to represent the person." This statute has since been amended to require at least 5 days' notice. 1997 Nev. Stat., ch. 99, § 1, at 188.

Sheriff v. Marcum, 105 Nev. 824, 827, 783 P.2d 1389, 1391 (1989), held that a target of grand jury proceedings has the right to "reasonable notice" of such proceedings. This court further concluded that "a one-day notice was unreasonable." *Id.*

grand jury proceedings on October 26, 1994, seven days prior, and that Officer Darlene Falvey also properly served him with notice on October 31, 1994, when Lisle was arrested.

On February 2, 1995, the district court conducted a hearing on the motion to dismiss and petition for habeas relief, although this was not an evidentiary hearing. The district court found that on these facts, *Marcum* was not violated, and therefore, it denied the motion and petition on this ground. However, the judge encouraged Lisle to file a writ for extraordinary relief with this court to consider whether *Marcum* had indeed been violated. Lisle declined to file such a writ with this court, and he proceeded to trial where he was convicted and sentenced to death. This court affirmed his conviction and sentence. Lisle v. State, 113 Nev. 540, 937 P.2d 473 (1997).

In the opinion, this court noted:

> A writ of mandamus is an appropriate remedy for inadequate notice of a grand jury hearing. Solis-Ramirez v. District Court, 112 Nev. 344, 347, 913 P.2d 1293, 1295 (1996). In Sturrock v. State, 95 Nev. 938, 604 P.2d 341 (1979), this court held that a defendant who has been denied his right to a preliminary hearing, and has failed to pursue a pretrial remedy through mandamus, "has waived any impropriety regarding the trial court's inaction." *Id.* at 943, 604 P.2d at 345.

*Lisle,* 113 Nev. at 551, 937 P.2d at 480.

Lisle filed his timely petition for rehearing, alleging that this court inappropriately cited *Solis-Ramirez* and *Sturrock* for the proposition that a writ of mandamus is the only remedy available for challenging inadequate *Marcum* notice. We agree and now wish to clarify this point. Nonetheless, we conclude that rehearing is not warranted, and we therefore deny this petition.

In *Solis-Ramirez,* this court granted an original petition for a writ of mandamus filed by a defendant prior to trial based on inadequate notice of the grand jury proceedings against him. *Solis-Ramirez,* 112 Nev. at 348, 913 P.2d 1295. This court concluded the writ was warranted because the defendant "does not have an adequate legal remedy from the district court's order denying the motion to dismiss the criminal indictment." *Id.* at 347, 913 P.2d at 1295 (citing NRAP 3A and NRS 177.015 (provisions for taking an appeal from a judgment or order)).

In *Sturrock,* 95 Nev. at 942, 604 P.2d at 344, after appellant was tried and convicted, he appealed, contesting the district court's denial of his preliminary examination. A two-justice

plurality of this court concluded, "[M]andamus was available to compel remand [to justice court for the preliminary examination]. By failing to pursue this remedy, and instead proceeding to trial, appellant has waived any impropriety regarding the trial court's inaction." *Id.* at 943, 604 P.2d at 345 (citation and footnote omitted). The two-justice plurality further concluded, "[A]n extraordinary remedy must be sought, because no post-judgment appeal will be available to review the error complained of . . . ." *Id.*

We now wish to clarify that our reliance on these two cases was not intended to announce a rule of law establishing that the failure to pursue an extraordinary writ with this court prior to trial will constitute a waiver of the right to challenge the adequacy of grand jury notice on appeal. We emphasize that such is not the law in Nevada. *See* Parker v. State, 100 Nev. 264, 266 n. 3, 679 P.2d 1271, 1273 n. 3 (1984). That is, an appellant's contention that he or she did not receive adequate *Marcum* notice will not be waived if the appellant fails to seek a writ from this court pretrial.[2]

The two-justice plurality opinion in *Sturrock* is not binding authority for the conclusion that failure to seek a pretrial writ constitutes waiver of a challenge to a grand jury notice. Further, our holding in *Solis-Ramirez* merely restated the well-settled rule that there is no immediate right to appeal from an interlocutory order denying a pretrial motion to dismiss. *Solis-Ramirez* does not hold that an order of the district court denying a pretrial motion to dismiss cannot be reviewed in a direct appeal from a final judgment of conviction. *See* NRS 177.045 (any decision in an intermediate order or proceeding may be reviewed on appeal from the final judgment); *see also* Johnston v. State, 107 Nev. 944, 822 P.2d 1118 (1991) (on a direct appeal from a judgment of conviction, this court addressed the merits of appellant's claim that he did not receive reasonable notice of the grand jury proceedings). Accordingly, we conclude that Lisle did not waive this issue by deciding not to seek an extraordinary writ from this court before he proceeded to trial.

Although Lisle did not waive this issue, we conclude that he is not entitled to relief. In our prior opinion in this case, we determined that Lisle failed to show any prejudice resulting from the allegedly inadequate notice. *Lisle,* 113 Nev. at 551-52, 937 P.2d at 480; *see also* United States v. Mechanik, 475 U.S. 66, 70 (1986) (holding that because the defendants were convicted after trial beyond a reasonable doubt, probable cause undoubtedly

---

[2]By this holding, we do not limit one's right to pursue such extraordinary relief from this court prior to trial.

existed to bind them over for trial; therefore, any error in the grand jury proceedings connected with the charging decision was harmless beyond a reasonable doubt). We continue to adhere to this determination and, accordingly, deny this petition.[3]

---

[3]THE HONORABLE A. WILLIAM MAUPIN, Justice, did not participate in this decision.