An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JUAN VIVAR-PEREZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61211

**FILED**

APR 10 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of home invasion. Second Judicial District Court, Washoe County; Steven R. Kosach, Judge.

First, appellant Juan Vivar-Perez argues that the district court erred by refusing his proposed jury instructions, which stated that one cannot be found guilty of a home invasion of his own residence and defined residence using language from a civil statute. "[T]he defense has the right to have the jury instructed on its theory of the case," Barnier v. State, 119 Nev. 129, 133, 67 P.3d 320, 322 (2003) (internal quotation marks omitted), and a district court should "cooperate with the defendant" to craft instructions which accurately state the law as it relates to the defense's theory, Carter v. State, 121 Nev. 759, 765, 121 P.3d 592, 596 (2005) (internal quotation omitted). Here, even assuming that the district court erred by failing to work with the defense to craft an instruction defining the term "residence," any error is harmless because a "'a rational jury would have found the defendant guilty'" even if properly instructed due to the overwhelming evidence that Vivar-Perez was not a resident of the apartment. Wegner v. State, 116 Nev. 1149, 1155, 14 P.3d 25, 30 (2000) (quoting Neder v. United States, 527 U.S. 1, 18 (1999)) overruled on

13-10497

other grounds by Rosas v. State, 122 Nev. 1258, 147 P.3d 1101 (2006). Vivar-Perez's own testimony established that he did not have a key, was not on the lease, did not pay rent, maintained his own apartment, and was allowed in the apartment only by invitation of the victims and was not welcome absent their permission. Any permission that Vivar-Perez had to stay with the victims was clearly revoked when they refused him entry for several days leading up to the incident and on the day in question. We conclude that this claim lacks merit.

Second, Vivar-Perez argues that the State inappropriately commented on his right to remain silent during closing argument by questioning why he never told the police that he lived at apartment. We conclude that this claim lacks merit. Initially, we note that Vivar-Perez did not invoke his right to remain silent and testified at trial. Moreover, the challenged statements were made during rebuttal argument and were a fair response to the defense's closing argument, which accused police officers of performing an incomplete investigation for failing to determine whether Vivar-Perez was a resident of the apartment. See Bridges v. State, 116 Nev. 752, 764, 6 P.3d 1000, 1009 (2000) (holding no error where prosecutor's remarks are fair response to defense argument).

Third, Vivar-Perez argues that the State inappropriately vouched for the victims' credibility. Because Vivar-Perez did not object to the statements, we review for plain error affecting his substantial rights. See Valdez v. State, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008). Although the State vouched for the credibility of the victims, we conclude that relief is not warranted. Id.

Fourth, Vivar-Perez argues that the State made several additional comments during closing argument that constitute

prosecutorial misconduct. Having considered each of the challenged comments in context, we conclude that the State did not disparage legitimate defense tactics, see Williams v. State, 103 Nev. 106, 110, 734 P.2d 700, 703 (1987), or attempt to shift the burden of proof to the defense, see Lisle v. State, 113 Nev. 540, 553-44, 937 P.2d 473, 481 (1997), decision clarified on denial of reh'g, 114 Nev. 221, 954 P.2d 744 (1998).

Fifth, Vivar-Perez argues that cumulative error entitles him to relief. Having considered whether the issue of guilt is close, the quantity and character of the error, and the gravity of the crime charged, we conclude that this claim lacks merit. Valdez, 124 Nev. at 1195, 196 P.3d at 481. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

cc:    Chief Judge, Second Judicial District Court
       Second Judicial District Court, Dept. 8
       Washoe County Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk