An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MANUEL WINN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62081

**FILED**

SEP 1 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Doug Smith, Judge.

In his proper person petition filed on August 15, 2012, appellant claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

the inquiry must be shown. *Strickland*, 466 U.S. at 697. To warrant an evidentiary hearing, a petitioner must raise claims that are supported by specific factual allegations that are not belied by the record and, if true, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

First, appellant claimed that trial counsel conspired with the State by revealing privileged attorney-client information to the State. Appellant failed to demonstrate deficiency or prejudice, as he did not identify any privileged information that was revealed or allege any specific facts to support this claim. See *id.* at 502, 686 P.2d at 225 (holding that no relief is warranted where petitioner raises "'bare' or 'naked' claims for relief, unsupported by any specific factual allegations"). Thus, the district court did not err in denying this claim.

Second, appellant claimed that trial counsel failed to file a pretrial petition for a writ of habeas corpus. Appellant failed to demonstrate prejudice, as he did not explain what issues counsel should have raised. *See id.* Thus, the district court did not err in denying this claim.

Third, appellant claimed that trial counsel failed to file any pretrial motions on appellant's behalf despite appellant's requests. Appellant failed to demonstrate deficiency or prejudice. The record repels his claim that counsel failed to file any motions, and he did not explain which motions counsel should have filed and how they would have changed the outcome of the trial. *See id.* Thus, the district court did not err in denying this claim.

Fourth, appellant claimed that trial counsel failed to obtain formal discovery until four days before trial, and failed to object to the

appellant's prosecution by the Clark County District Attorney because appellant's sister worked there. Appellant failed to demonstrate deficiency or prejudice, as he failed to support these claims with any specific facts that would entitle him to relief. *See id.* Therefore, the district court did not err in denying these claims.

Fifth, appellant claimed that trial counsel failed to investigate defense witnesses, call any witnesses to testify for the defense, or present a defense. Appellant failed to demonstrate deficiency or prejudice, as he did not identify any defense witnesses or the nature of their testimony. *See id.* Therefore, the district court did not err in denying these claims.

Sixth, appellant claimed that trial counsel failed to interview police officers and alibi witnesses or cross-examine the victim about his inconsistent identification testimony, which prevented appellant from pursuing a misidentification defense. Appellant failed to demonstrate prejudice, as two detectives identified appellant as the person who was fighting with the victim, and a store clerk, who was familiar with appellant, identified him as the person who stabbed the victim. In light of his identification by three different witnesses, appellant could not show a reasonable probability that a misidentification defense would have been successful. Thus, the district court did not err in denying this claim.

Seventh, appellant claimed that trial counsel failed to investigate the store clerk and Detective Mendoza and thus failed to discover that the clerk had mental health issues and was taking medication and that Detective Mendoza made prior inconsistent statements. Appellant also claimed that counsel should have objected to Detective Mendoza's "lies." Appellant failed to demonstrate deficiency or prejudice. His claim regarding the clerk's mental illness and use of

medications is purely speculative without any factual support. *See id.* As to his claim regarding Detective Mendoza, trial counsel cross-examined the detective about any inconsistent statements that he made as to whether he saw the stabbing. Appellant failed to identify any further questions that counsel should have asked or explain how any further questioning would have affected the outcome of the trial. *See id.* Therefore, the district court did not err in denying this claim.

Eighth, appellant claimed that trial counsel failed to request an instruction on a lesser-included offense. Appellant appeared to assert that counsel should have requested a charge of battery as a lesser-included offense to the charge of battery with the use of a deadly weapon. Appellant failed to demonstrate prejudice. Given the jury's verdict, the jury necessarily found that the elements of battery with the use of a deadly weapon were proven beyond a reasonable doubt. Therefore, the district court did not err in denying this claim.

Ninth, appellant claimed that trial counsel coerced him into involuntarily waiving his right to testify at trial. Appellant failed to demonstrate deficiency and prejudice. The record shows that appellant indicated a desire to testify, counsel strongly advised him not to testify, and appellant accepted counsel's advice and chose not to testify. There is no indication that his decision was involuntary or coerced. Therefore, the district court did not err in denying this claim.

Tenth, appellant claimed that trial counsel failed to object to the victim's coerced testimony. Appellant failed to demonstrate deficiency or prejudice. The victim testified at trial that Detective Mendoza told him that he would be sentenced to prison for three years if he failed to appear and testify at trial, and Detective Mendoza testified that he did not make

such a statement. There was no basis for counsel to object, as it was for the jury to determine the weight and credibility of the testimony. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) ("Trial counsel need not lodge futile objections to avoid ineffective assistance of counsel claims."). Therefore, the district court did not err in denying this claim.

Eleventh, appellant claimed that trial counsel failed to investigate and present evidence at trial that appellant's fingerprints and DNA were not found on the knife. Appellant failed to demonstrate deficiency or prejudice. Trial counsel cross-examined an investigator about whether the knife was tested for fingerprints and DNA, and the investigator stated that it was tested only for DNA and none was found. Appellant failed to explain what further actions counsel should have taken. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225. Further, he could not demonstrate prejudice in light of the clerk's and the victim's testimony that they saw appellant with the knife. Therefore, the district court did not err in denying this claim.

Twelfth, appellant claimed that trial counsel withheld from him the State's notice of habitual criminal treatment until sentencing. Appellant asserted that he would have testified as to his innocence at trial if he had known that he was facing a habitual criminal sentence if convicted. Appellant failed to demonstrate prejudice, as he did not show a reasonable probability of a different outcome at trial had he testified. Therefore, the district court did not err in denying this claim.

Thirteenth, appellant claimed that trial counsel refused to review the presentence investigation report with him or provide it to him before sentencing, which prevented appellant from correcting inaccurate

information in the presentence investigation report. Appellant failed to demonstrate deficiency or prejudice, as he did not identify any inaccurate information in the report or explain how the information affected his sentence. *See id.* Therefore, the district court did not err in denying this claim.

Next, appellant claimed that he received ineffective assistance of appellate counsel on direct appeal. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697.

First, appellant claimed that appellate counsel was ineffective for failing to argue on appeal that the victim's testimony should have been precluded because trial counsel was unable to sufficiently prepare for it. Appellant failed to demonstrate deficiency or prejudice, as the State properly noticed the victim as a witness and counsel was aware prior to trial that the victim could testify. Therefore, the district court did not err in denying this claim.

Second, appellant claimed that appellate counsel failed to argue that the State's notice of intent to seek an indictment did not provide appellant with the date, time, and location of the grand jury

hearing, but rather only informed him to call the district attorney's office to obtain such information. Appellant claimed that this prevented him from testifying before the grand jury. Appellant failed to demonstrate deficiency or prejudice, as the notice was sufficient. *See* NRS 172.241(2). Therefore, the district court did not err in denying this claim.

Third, appellant claimed that appellate counsel failed to argue that the photo identification of appellant at the grand jury hearing was impermissible, that the State improperly questioned witnesses and admitted hearsay evidence at the grand jury hearing, that Detective Mendoza's declaration of arrest and arrest report conflicted with his testimony at the grand jury hearing, and that there was insufficient evidence to support his indictment. Appellant failed to demonstrate prejudice, as he was ultimately convicted by a jury and thus could not demonstrate a reasonable probability that these issues regarding the grand jury proceedings would have been successful on appeal. *See United States v. Mechanik*, 475 U.S. 66, 70 (1986) (holding that any error in grand jury proceedings was harmless where defendants were found guilty beyond a reasonable doubt at trial); *Lisle v. State*, 114 Nev. 221, 224-25, 954 P.2d 744, 746-47 (1998) (citing *Mechanik*). Therefore, the district court did not err in denying these claims.

Fourth, appellant claimed that appellate counsel was ineffective for failing to raise certain meritorious issues on appeal, for having a conflict of interest with appellant, for failing to adequately communicate with appellant, and for failing to federalize the issues on appeal. Appellant failed to demonstrate deficiency or prejudice, as he failed to support these claims with any specific facts that would entitle

him to relief. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225. Therefore, the district court did not err in denying these claims.

Next, appellant claimed that: (1) the State improperly sought a continuance of the preliminary hearing in order to seek a grand jury indictment; (2) the State withheld evidence by failing to produce the weapon at the grand jury proceedings; (3) the steak knife was not a deadly weapon; (4) the State presented false testimony that the knife was not tested for fingerprints; (5) the State and police officers coerced the victim's testimony, and the district court abused its discretion by allowing the victim to testify at trial; (6) the district court erred by forcing appellant to proceed at trial with counsel who had a conflict of interest; (7) the indictment, jury instructions, and convictions violated double jeopardy; (8) the Clark County District Attorney should have been recused from prosecuting appellant's case because appellant's sister worked there; (9) the district court erred by failing to hold evidentiary hearings on various motions; (10) the district court coerced him into involuntarily waiving his right to testify at trial; (11) his sentences are disproportionate to the offenses; (12) the district court was biased against appellant and ignored inaccuracies in the presentence investigation report; (13) the State failed to submit proof of appellant's prior convictions, and the district court abused its discretion at sentencing by failing to ensure that the State submitted adequate records of those felony convictions; and (14) appellant is actually innocent of the offenses. These claims were waived as they should have been raised on direct appeal, and appellant failed to demonstrate good cause for his failure to do so. NRS 34.810(1)(b). Therefore, we conclude that the district court did not err in denying these claims.

Accordingly, having considered appellant's contentions and concluded that they are without merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Doug Smith, District Judge
Manuel Winn
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk