An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

TREVOR BURNS,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JESSIE ELIZABETH WALSH,
DISTRICT JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 65798

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
        DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of mandamus challenges a district court order denying petitioner's pretrial petition for a writ of habeas corpus on the grounds that the emailed notice that petitioner's indictment was being considered by a grand jury did not meet the service requirements of NRS 172.241(2) and NRS 178.584(2).

"A writ of mandamus is an extraordinary remedy, and therefore, the decision to entertain the petition lies within our discretion. Such a writ is available only to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station." *Winkle v. Foster*, 127 Nev. ___, ___, 269 P.3d 898, 899 (2011) (citation and internal quotation marks omitted). "[It] will not lie to control discretionary action, unless discretion is manifestly abused or exercised arbitrarily or capriciously." *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (citation omitted);

14-23819

*see also State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (defining manifest abuse and arbitrary or capricious exercise of discretion in context of mandamus). It will not issue if the petitioner has a plain, speedy, and adequate remedy in the ordinary course of the law. NRS 34.170. "Petitioner[ ] carr[ies] the burden of demonstrating that extraordinary relief is warranted." *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the petition and its accompanying documents, we are not satisfied that our intervention by way of extraordinary writ is warranted. Even assuming that petitioner did not consent to electronic service pursuant to NRCP 5(b)(2)(D), he has not shown that he was prejudiced by the manner in which the grand jury notice was conveyed and therefore he has not demonstrated that the district court manifestly abused its discretion by denying his habeas petition. *See Lisle v. State*, 113 Nev. 540, 551-52, 937 P.2d 473, 480 (1997), *clarified on reh'g*, 114 Nev. 221, 224-25, 954 P.2d 744, 746-47 (1998); *see also Daniels v. State*, 114 Nev. 261, 269-70, 956 P.2d 111, 116-17 (1998) (discussing the adequacy of a grand jury notice). Accordingly, we

ORDER the petition DENIED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

2

cc: Hon. Jessie Elizabeth Walsh, District Judge
Karen A. Connolly, Ltd.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A