# IN THE SUPREME COURT OF THE STATE OF NEVADA

GERHARD KURT HOLDERER,
Appellant,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
SUSAN JOHNSON, DISTRICT JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 71376



FILED

OCT 17 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION*

This is an original petition for a writ of prohibition or mandamus challenging a district court decision denying a motion to dismiss an indictment. Petitioner Gerhard Holderer was initially indicted on various charges in April 2015; in May 2015, the State conducted a second grand jury proceeding that resulted in a superseding indictment charging Holderer with additional offenses. The State did not inform Holderer that it would be making the second presentment in May 2015, and Holderer contends that this violates the notice requirements for grand jury proceedings, *see* NRS 172.241(2); *Sheriff v. Marcum*, 105 Nev. 824, 783 P.2d 1389 (1989), and invalidates the superseding indictment. When Holderer moved the district court to dismiss the charges against him

16-32396

based on lack of notice, the district court apparently expressed concern that the State failed to notify Holderer of the second presentment, but denied the motion to dismiss and instructed the State to arrange another grand jury presentment with proper notice to Holderer. This third grant jury presentment is scheduled for October 18, and in addition to the petition, Holderer has filed a motion to stay all proceedings below pending resolution of the petition.

NRS 172.241(5) contemplates that when notice of grand jury proceedings is inadequate, "the person [whose indictment is being considered] must be given the opportunity to testify before the grand jury." The district court's instructions to arrange for another grand jury presentment with proper notice to Holderer appear to comply with NRS 172.241(5). Holderer does not address NRS 172.241(5), nor does he cite any authority that would disallow the district court from applying it here.[1] Accordingly, we are not satisfied that this court's intervention by way of

_____

[1]While Holderer fails to present any argument regarding NRS 172.241(5) to this court, he argued in the district court that its provisions were not available in this case because they became effective after his first and second grand jury presentments. However, Holderer did not file his motion to dismiss until September 2016, which was after NRS 172.241(5) became effective, and he did not offer authoritative support for the bare assertion that its provisions cannot be applied now.

extraordinary writ is warranted at this time, *see* NRAP 21(b), and we therefore

ORDER the petition DENIED.[2]

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc: Hon. Susan Johnson, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]Holderer's motion for stay is denied as moot.