IN THE SUPREME COURT OF THE STATE OF NEVADA

EDWIN VON SEVRENCE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77491

FILED

FEB 0 5 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

Appellant was convicted, pursuant to a jury verdict, of sexual assault of a child under the age of fourteen and lewdness with a child under the age of fourteen. This court reversed his convictions and remanded for a retrial after determining a juror had prior personal knowledge of the case. *Sevrence v. State*, Docket No. 45857 (Order of Reversal and Remand, December 6, 2007). Appellant was convicted of the same crimes at his second trial, and this court affirmed his judgment of conviction. *Sevrence v. State*, Docket No. 55004 (Order of Affirmance, April 27, 2011). Appellant filed a pro se postconviction petition for a writ of habeas corpus in 2012. The district court appointed postconviction counsel, who filed a supplemental petition. Appellant moved to have counsel withdrawn, and the district court appointed new counsel, who filed a motion to amend and

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is not warranted, NRAP 34(f)(3). This appeal therefore has been decided based on the pro se brief and the record on appeal. *Id.*

20-04965

add grounds to the supplemental petition. Appellant's second postconviction counsel was allowed to withdraw after the district court determined there was an irreparable breakdown in the relationship between appellant and counsel. The district court appointed third postconviction counsel, who was also allowed to withdraw after a breakdown in the relationship with appellant. Thereafter, appellant proceeded pro se[2] and filed a motion to add grounds to the petition, which the district court granted. The district court held an evidentiary hearing and denied the petition. This appeal followed.

*Ineffective Assistance*

First, appellant argues that the district court erred in denying his claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, appellant must demonstrate both that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 697 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the *Strickland* test). Appellant must demonstrate the underlying facts by a preponderance of the evidence. *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual

---

[2]To the extent appellant challenges the district court's decision not to appoint a fourth postconviction counsel, we find no abuse of discretion. *See Renteria-Novoa v. State*, 133 Nev. 75, 76, 391 P.3d 760, 760-61 (2017). Additionally, appellant has not demonstrated that the district court judge was biased against him. *See Hogan v. Warden*, 112 Nev. 553, 559-60, 916 P.2d 805, 809 (1996) (recognizing the presumption that judges are unbiased and placing the burden on the party asserting bias to present sufficient grounds to rebut that presumption).

findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant claims that his first trial counsel did not appear for the scheduled preliminary hearing, consult with him about the continuances of that hearing, or keep him reasonably informed about the status of the matter. He alleges he was prejudiced because a preliminary hearing was not held within 15 days and there was no good cause shown for the delay. Appellant has not shown prejudice resulting from counsel's deficient performance at the preliminary-hearing stage as the State proceeded to a grand jury and an indictment was returned against appellant.

Next, appellant claims that first trial counsel did not effectively consult with him about the grand jury notice he received or his desire to testify before the grand jury. He alleges he was prejudiced because he would have testified and such testimony may have persuaded the grand jury not to return an indictment. Appellant has not shown prejudice with regard to the grand jury notice or the probable-cause determination as a subsequent jury verdict was entered based on proof beyond a reasonable doubt. *See United States v. Mechanik*, 475 U.S. 66, 70 (1986) (finding any error in the grand jury's charging decision stemming from a procedural violation to be harmless after a jury's verdict of guilty beyond a reasonable doubt); *Lisle v. State*, 114 Nev. 221, 224-25, 954 P.2d 744, 746-47 (1998) (finding no prejudice from allegedly inadequate grand jury notice where jury found defendant guilty beyond a reasonable doubt).

Next, appellant claims that first trial counsel did not consult with him about the case or available remedies during the early stages of the

matter. He alleges he was prejudiced in that he was not able to request an investigator speak with the victim or other witnesses and to develop his allegations of coaching. Appellant has not shown a reasonable probability of a different outcome as he received a new trial, with new counsel, and was convicted of the same crimes.

Appellant also claims that first trial counsel did not know the applicable law regarding the admissibility of prior bad acts and, because of his counsel's deficient performance at the pretrial hearing, prior bad acts were erroneously introduced into evidence during his first trial. Appellant has not shown deficient performance or a reasonable probability of a different outcome as this court concluded the same prior bad acts were properly admitted during the second trial. *See Sevrence*, Docket No. 55004 (Order of Affirmance, April 27, 2011).

Appellant next claims that second trial counsel should have filed a motion to preclude, or asked for a new hearing on the use of, the prior bad acts before his second trial and that counsel should have moved to strike the testimony during the second trial. As this court affirmed the admissibility of the prior bad acts, appellant has not shown deficient performance or prejudice. *See id.*

Next, appellant claims that second trial counsel should have filed pretrial motions to preclude evidence that he had been previously convicted by another jury on the same facts, to preclude the victim's testimony as unreliable because of coaching and years of therapy, and to suppress the report of the victim's medical examination because it contained multiple errors. This court concluded on direct appeal that appellant solicited the brief reference to his previous conviction and that the district court cured the reference by admonishing the jury. *See id.*

Appellant has not shown a reasonable probability of a different outcome had counsel filed a pretrial motion to preclude the reference. As to the victim's testimony, appellant has not provided a legal ground upon which her testimony should have been precluded and thus has not shown counsel was deficient. *See McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (recognizing the well-established rule that it is for the jury, and not the reviewing court, to weigh the evidence and determine the witnesses' credibility). Regarding the victim's medical examination report, second trial counsel attacked the report and the examiner's credibility based on admitted errors. Appellant has not shown that counsel's performance was objectively unreasonable and thus has not shown deficient performance. *See Strickland*, 466 U.S. at 689 (recognizing the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and stating a petitioner "must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy" (internal quotation marks omitted)).

Next, appellant claims that second trial counsel did not adequately investigate and prepare for the second trial by interviewing witnesses, by having the victim interviewed by the defense's expert, or by updating discovery.[3] He alleges he was prejudiced because the defense was surprised at trial when the victim's story changed to include additional allegations of sexual abuse and because video evidence acknowledging coaching of the victim was not introduced. Appellant has not shown deficient performance as counsel moved for a mistrial numerous times

---

[3]To the extent appellant claims second trial counsel was ineffective for failing to procure appellant's wife as a witness, this claim is belied by the record as his wife testified at the second trial.

based on the victim's testimony of additional allegations, the denial of which was affirmed on direct appeal, *see Sevrence*, Docket No. 55004 (Order of Affirmance, April 27, 2011), and counsel thoroughly cross-examined the victim regarding discrepancies between her previous disclosures and her trial testimony. Further, appellant has not shown a reasonable probability of a different outcome had counsel or the defense's expert interviewed the victim before the second trial as the victim testified she did not disclose some of the new allegations until the morning of trial. As to the video remarking on purported coaching of the victim, appellant failed to provide sufficient evidence at the evidentiary hearing to support his claim that the video had a reasonable probability of producing a different outcome at trial. *See Means*, 120 Nev. at 1011-12, 103 P.3d at 32-33.

Next, appellant claims that second trial counsel did not adequately prepare to cross-examine the victim. He claims counsel did not effectively impeach the victim with her motive to lie or fabricate or with her prior inconsistent statements. He alleges he was prejudiced because counsel elicited testimony from the victim that appellant was previously convicted. As counsel cross-examined the victim regarding prior inconsistent statements and a motive to fabricate based on an advantageous change in her living situation, appellant's claim is belied by the record. Further, appellant does not specifically identify what further actions counsel should have taken and thus does not demonstrate deficient performance. *Cf. Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984) (holding that an evidentiary hearing is warranted for a postconviction petition for a writ of habeas corpus if the petitioner states a claim supported by specific factual allegations, not belied by the record, that would entitle the petitioner to relief if true).

Next, appellant claims that second trial counsel should have presented Noman Enlow as a witness to show that Enlow, an employee of county social services, was biased against appellant and coached the victim. Appellant failed to provide sufficient evidence at the evidentiary hearing to support his claim that counsel's performance was objectively unreasonable and that Enlow's testimony had a reasonable probability of producing a different outcome at trial. *See Means*, 120 Nev. at 1011-12, 103 P.3d at 32-33.

Appellant also claims that second trial counsel did not have adequate contact with appellant and that appellant and second trial counsel had a conflict. He alleges he was prejudiced by his relationship with counsel because counsel did not meet with him to identify witnesses, discuss the evidence against him, or establish a defense theory for the case. Appellant failed to provide sufficient evidence at the evidentiary hearing to support this claim as he failed to call second trial counsel as a witness or to offer testimony regarding this claim. *See id.* Additionally, appellant has not shown "that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 3355, 348 (1980) (outlining burden of demonstrating violation of right to conflict-free representation).

*Jurisdiction*

Appellant makes various arguments that the district court did not have jurisdiction over him or his case. As support, he argues that the charging document for his second trial was invalid as there is no statutory or constitutional provision for an information superseding indictment and he was not arraigned on the charging document until after the jury for the second trial was impaneled and trial began. Appellant does not argue that the district court never had proper jurisdiction; rather, he appears to claim

that the district court lost jurisdiction. We conclude appellant's claims are without merit.

It is unclear that appellant's claims implicate the district court's jurisdiction. *See* Nev. Const. art. 6, § 6 ("The District Courts . . . have original jurisdiction in all cases excluded by law from the original jurisdiction of the justices' court."); *United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[T]he term jurisdiction means . . . the courts' statutory or constitutional power to adjudicate the case." (internal quotation marks omitted)). And it appears appellant's claims could have been raised in the district court or on direct appeal such that the claims are procedurally barred absent a showing of good cause and actual prejudice. NRS 34.810(1)(b). Appellant has not alleged either good cause or actual prejudice.

Even assuming appellant's claims are properly presented in his postconviction habeas petition, NRS 173.095(1) allows a charging document "to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Here, the information superseding indictment was created by the State to eliminate reference to a count that appellant had been acquitted of during the first trial. The remaining two counts from the original indictment were transcribed into the information superseding indictment with no material alterations. *See Hanley v. Zenoff*, 81 Nev. 9, 11-12, 398 P.2d 241, 242-43 (1965) (stating defendant must be rearraigned on amended charging document which materially alters the charging document to which defendant entered a plea). Appellant has not shown that his substantial rights were prejudiced by the amended charging document. And appellant has not provided this court with any authority that a district

court, having had proper jurisdiction over a criminal matter, can be divested of that jurisdiction based on a superseding charging document. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument."); *see also State v. von Brincken*, 86 Nev. 769, 772, 476 P.2d 733, 735 (1970) (recognizing that the evidentiary standard to bind over a defendant to the district court for trial is the same for both preliminary hearings and grand jury proceedings). As to appellant's argument that the matter needed to be resubmitted to the grand jury, we disagree. *Cf. United States v. Leichtnam*, 948 F.2d 370, 376 (7th Cir. 1991) (recognizing that resubmission to the grand jury is not mandated where an indictment is narrowed by an amendment withdrawing a count of a multi-count indictment).

*NRS 34.810(1)(b)(2)*

Third, appellant makes a number of claims that could have been raised at trial or on a direct appeal. Specifically, he claims that he was denied (1) access to the courts at the justice court level; (2) due process when the preliminary hearing was continued without an affidavit and without notice; (3) the right to a speedy trial; and (4) the right to counsel.[4] These claims were procedurally barred pursuant to NRS 34.810(1)(b), and appellant has not argued good cause for his failure to present these claims earlier or resulting prejudice.

---

[4]It is unclear whether the district court allowed appellant to add a claim at the evidentiary hearing that he was denied the right to represent himself. *See Barnhart v. State*, 122 Nev. 301, 303-04, 130 P.3d 650, 652 (2006). Assuming the district court permitted the addition, we conclude that this claim was also procedurally barred pursuant to NRS 34.810(1)(b).

SUPREME COURT
OF
NEVADA

(O) 1947A

*Cumulative error*

Lastly, appellant argues that cumulative error entitles him to relief. As appellant has failed to demonstrate any error, there is nothing to cumulate. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[5]

_____, C.J.
Pickering

_____, J.
Hardesty

_____, Sr. J.
Douglas

cc:    Hon. Elliott A. Sattler, District Judge
Edwin Von Sevrence
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

---

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.