# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARIO ANTONIO LEMUS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76631

**FILED**

JUN 3 0 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of three counts of sexual assault against a child under 14 and one count of lewdness with a child under the age of 14 years. Second Judicial District Court, Washoe County; Barry L. Breslow, Judge.

Appellant Mario Lemus was arrested and tried for three counts of sexual assault and one count of lewdness involving his biological daughter. A jury found Lemus guilty of all charges, and the district court sentenced him to an aggregated sentence of life in prison with a minimum term of 105 years. On appeal, Lemus argues that (1) NRS 171.196(6) is unconstitutional, (2) the district court erred by denying his motion to dismiss the case due to prosecutorial misconduct or to otherwise disqualify prosecution counsel, (3) the district court abused its discretion in settling jury instructions and by prohibiting him from questioning the constitutionality of Nevada's reasonable doubt definition during closing statements, and (4) cumulative error warrants reversal. Having reviewed Lemus's contentions and for the reasons discussed below, we affirm the judgment of conviction.

First, Lemus argues that NRS 171.196(6) violates due process such that, in the absence of the video of the victim's interview with a

20-24230

detective, the State failed to establish probable cause at the preliminary hearing. *See* NRS 171.196(6)(a) (providing for the admissibility of hearsay statements by the alleged victim at a preliminary examination where the crime charged is a sexual offense against a child under 16). Because Lemus's subsequent conviction by a jury beyond a reasonable doubt cures any error committed at the preliminary hearing, we decline to reach the merits of Lemus's constitutional claim. *See Lisle v. State*, 114 Nev. 221, 224-25, 954 P.2d 744, 746-47 (1998) (citing *United States v. Mechanik*, 475 U.S. 66, 70 (1986)) (explaining that "any error in the grand jury proceedings connected with the charging decision was harmless" where defendants were convicted after trial beyond a reasonable doubt).

Second, Lemus contends that the district court erred by denying his motion to dismiss the case for prosecutorial misconduct, or to otherwise disqualify prosecution counsel, based on the language used in the State's subpoenas. We likewise decline to reach the merits of this contention because Lemus lacks standing to raise arguments on behalf of the subpoenaed witnesses. *See Schwartz v. Lopez*, 132 Nev. 732, 743, 382 P.3d 886, 894 (2016) ("Generally, a party must show a personal injury and not merely a general interest that is common to all members of the public."); *Doe v. Bryan*, 102 Nev. 523, 526, 728 P.2d 443, 445 (1986) (concluding that appellants lacked standing to challenge a criminal statute where they failed to demonstrate a personal injury, i.e., that they "fac[ed] an immediate threat of arrest . . . or . . . risk of prosecution").[1]

---

[1]Nevertheless, we take this opportunity to echo the district court's sentiment concerning the State's subpoenas. While the district court reasoned that the subpoenas do not violate the law or otherwise deprive

Third, Lemus maintains that the district court abused its discretion in settling jury instructions and by prohibiting him from questioning the constitutionality of Nevada's reasonable doubt definition during closing statements. We disagree. Despite Lemus's attempt to characterize his arguments as relating to the theory of his case, we determine that each of his arguments necessarily concern the validity of NRS 175.211. *See* NRS 175.211 (providing Nevada's reasonable doubt definition and mandating that "[n]o other definition of reasonable doubt may be given by the court to juries in criminal actions in this State"). Because this court has well-settled the validity of Nevada's reasonable doubt definition, we conclude that the district court did not abuse its discretion in settling the jury instructions and appropriately restricted Lemus's closing statement. *See Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) ("The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error."); *Garcia v. State*, 121 Nev. 327, 340, 113 P.3d 836, 844 (2005) ( "[I]n Nevada, the definition of reasonable doubt is specified by statute and, under NRS 175.211(2), no other jury instruction on reasonable doubt is permitted."), *modified on other grounds by Mendoza v. State*, 122 Nev. 267, 130 P.3d 176 (2006); *Chambers v. State*, 113 Nev. 974, 982-83, 944 P.2d 805, 810 (1997) (explaining that this court has

---

Lemus of his constitutional rights, the district court advised the State that it "does not love the way this [subpoena] is written. I don't know how much more strongly I can say that." We agree. The structure and typography of the State's subpoenas give the impression that a witness may be held in contempt for failing to appear for a pretrial conference or to report to the victim witness center—which Nevada law does not mandate. We are concerned by this language and it should be stricken.

consistently upheld NRS 175.211's reasonable doubt instruction as constitutional).

Finally, Lemus argues that cumulative error warrants reversal. "The cumulative effect of errors may violate a defendant's constitutional right to a fair trial even though errors are harmless individually." *Hernandez v. State*, 118 Nev. 513, 535, 50 P.3d 1100, 1115 (2002). Having found no errors on the part of the district court, we conclude that this argument lacks merit.

Accordingly, we

ORDER the judgment of conviction AFFIRMED.[2]

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Barry L. Breslow, District Judge
       Martin H. Wiener
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

---

[2]Insofar as Lemus raises arguments not specifically addressed in this order, we have considered them and conclude that they are without merit.